MARION S. DOSHER v. HARLOWE G. HUNT AND J. B. HUNT AND SONS, INC.

(Filed 14 December, 1955.)

**1. Automobiles §. 14—**

Evidence tending to show that the driver of a car at night failed to see the tail lights of the vehicle he was following on the highway until too late to avoid colliding with the rear of the vehicle, is sufficient to be submitted to the jury on the issue of such driver's negligence.

**2. Automobiles § 49—**

Where there is evidence that a guest in an automobile saw the tail lights of the vehicle traveling along the highway in front of the car, but no evidence of anything which should have put her on notice that the driver of the car had not seen the preceding vehicle, her failure to warn the driver until it was too late for him to avoid colliding with the rear of the vehicle cannot be held contributory negligence on her part as a matter of law.

**3. Automobiles § 50—**

While in proper instances the negligence of the driver of a car will be imputed to the owner who is a passenger in the car in the owner's action

against a third person, the doctrine of imputed negligence has no application in an action by the guest or passenger against the driver.

**4. Same—**

Where the owner is riding in her car which is being driven by another on a common trip at her request, proof by the owner that the driver was in the general employ of a corporation cannot justify recovery by the owner against the corporation for the driver's negligence, since the negligence of the driver, who was under the direction and control of the owner, is imputed to the owner.

**5. Same—**

The doctrine of common or joint enterprise as a defense is applicable only as regards third persons, and not as between the parties to the enterprise.

APPEAL by plaintiff from *Stevens, J.,* February Term, 1955, CUMBERLAND.

Civil action to recover compensation for personal injuries and property damage resulting from an auto collision.

Defendant Hunt and plaintiff (a widow) had been associating with each other for some years prior to 1951. He was secretary of the defendant corporation and also worked for it in taking orders and the like. He lived in Raleigh. She was employed by the Farmers Home Administration, an agency of the Federal Government, with headquarters in Fayetteville. Her title was assistant home management specialist. On 8 November 1951, the Shrine Convention was held in Smithfield. On that day the automobile assigned to Hunt was in the garage. He had theretofore made arrangements with plaintiff for them to be together at the Shrine dance on the night of the convention. On the morning of the 8th, he went to the Carolina Hotel and caught a ride to Smithfield. He carried with him his brief case containing price book and other papers. He does not remember the name of the person with whom he went. After he reached Smithfield he interviewed at least one customer.

On the date of the convention plaintiff was to be in Clinton. Hunt caught a ride with a patrolman to Clinton, went to the hotel, and waited until plaintiff had completed her work. He then drove her car to Smithfield for her. They visited the rooms of friends, had dinner, and went to the dance. Hunt took about three drinks, none later than 7:00 p.m.

Plaintiff had planned to be in Raleigh on the morning of 9 November, and defendant Hunt had to be "on the job" with the defendant corporation on that morning. About 11:45 p.m. on the 8th, they left Smithfield to drive to Raleigh. Either at her request or with her consent

Hunt drove her automobile. After they passed Clayton, defendant drove the automobile into the rear of a vehicle ahead. He, as a witness for plaintiff, testified that he never saw the forward vehicle although he did testify: "I don't recall seeing any vehicle at that time . . . I might have seen the vehicle in front of me just an instant before I hit it, because I cut the car to the left and hit on the left rear of the car with my right front . . . He must have had very good tail lights . . ."

Plaintiff testified that she saw the tail lights of the forward vehicle some distance ahead, that at first she thought the two cars were traveling at about the same speed, but she discovered that her car was gaining on the forward car. She said nothing until they were within about eighty feet of the forward car. She then exclaimed, "Watch out," or made some other similar remark, and Hunt cut the automobile to the left but not sufficiently to avoid the collision. Plaintiff suffered serious personal injuries. She instituted this action against Hunt, the driver of the car of which she was an occupant, and against Hunt's employer, the defendant corporation.

Both defendants plead the sole negligence of Charlie Farrell, operator of the forward vehicle, and the contributory negligence of the plaintiff.

At the conclusion of the evidence for the plaintiff, the court below entered separate judgments of involuntary nonsuit as against the corporation and the individual defendant. Plaintiff excepted to each judgment and appealed.

*Nance & Barrington and Rudolph G. Singleton, Jr., for plaintiff appellant.*

*Oates, Quillin & Russ and Smith, Leach, Anderson & Dorsett for defendant Hunt, appellee.*

*McNeill Smith, Cale Burgess, and Smith, Moore, Smith & Pope for defendant J. B. Hunt & Sons, Inc., appellee.*

BARNHILL, C. J. Plaintiff offered ample evidence of negligence on the part of defendant Hunt to repel the motion to nonsuit as to him. Indeed, his own testimony suffices. Therefore the judgments entered in the court below must be sustained, if at all, either on the theory that plaintiff, the owner of the automobile being driven by the defendant Hunt, was guilty of contributory negligence, or that since she was the owner of and a passenger on the automobile with the present right to control and direct its operation, any negligence on the part of Hunt must be imputed to her under the doctrine of imputed negligence.

We are unable to say that the plaintiff was guilty of contributory negligence as a matter of law. The road was straight, Hunt was not operating the automobile in excess of the maximum speed limit, and the

rear lights of the forward car were visible for some considerable distance ahead. There is nothing in the record to support the conclusion as a matter of law that the plaintiff knew, or by the exercise of ordinary care should have known, that Hunt did not see the forward car and would not, unless cautioned, take any action to avoid a collision therewith. When they were within about eighty feet of the automobile, plaintiff did exclaim, "Watch out," or "Look out," and Hunt cut the automobile to the left, but not sufficiently to avoid a collision. This presents a question for the jury, and not the court, as to the contributory negligence of the plaintiff. *Bundy v. Powell*, 229 N.C. 707, 51 S.E. 2d 307; *Samuels v. Bowers*, 232 N.C. 149, 61 S.E. 2d 448; *Conley v. Pearce-Young-Angel Co.*, 224 N.C. 211, 29 S.E. 2d 740.

On this question *Bogen v. Bogen*, 220 N.C. 648, 18 S.E. 2d 162, is easily distinguishable. There the plaintiff passenger knew that the defendant driver habitually drove in a reckless manner and at a high rate of speed without keeping a proper lookout. There is no such evidence in this record.

"The doctrine of imputed negligence visits upon one person legal responsibility for the negligent conduct of another. It applies, however, only in limited classes of cases. In its application to the law of master and servant it appears in these two rules:

"1. The master is liable *to a third person* for an injury caused by the actionable negligence of his servant acting within the scope of his employment. (Authorities cited.)

"2. The master is barred from recovery *from a negligent third person* by the contributory negligence of his servant acting within the scope of his employment. (Authorities cited.)" (Italics supplied.) *Rollison v. Hicks*, 233 N.C. 99, 63 S.E. 2d 190.

Therefore, the doctrine of imputed negligence has no application in an action by the master against his servant to recover for injuries suffered by the former as a result of the latter's actionable negligence. *Rollison v. Hicks, supra; Darman v. Zilch*, 110 A.L.R. 826; Anno., *ibid.*, p. 831.

". . . it would offend justice and right to impute the negligence of a servant to his master and thus exempt him from the consequences of his own wrongdoing where the negligence proximately causes injury to a master who is without personal fault." *Rollison v. Hicks, supra*.

While there is evidence that the defendant Hunt was in the general employment of the defendant corporation, it cannot be gainsaid that at the very time and place of the accident he was then acting as the agent of the plaintiff in operating her automobile with her consent or at her direction.

The owner-passenger on an automobile has the right to control and direct its operation. So then, when he seeks to recover from a third party damages resulting from a collision of the vehicle with some other automobile or object, the negligence, if any, of the party who is operating the automobile with the owner-passenger's permission or at his request is imputed to the owner-passenger. The driver's negligence is the negligence of the owner and bars recovery against the third party. *Harper v. Harper,* 225 N.C. 260, 34 S.E. 2d 185. Therefore, as to the corporate defendant, the doctrine of imputed negligence does apply.

"Inasmuch as the master undertakes to manage his affairs through his servant, it is just that he be charged in law with the negligent conduct of his servant acting within the scope of his employment where the rights or liabilities of third persons are involved." *Rollison v. Hicks, supra.*

The defendant Hunt may not exculpate himself from the result of his alleged negligence on the plea that he and the plaintiff were engaged in a joint enterprise in the operation of the automobile and that any negligence in its operation by him is imputable in law to his fellow adventurer, the plaintiff, and defeats any recovery in this action.

"The doctrine of joint enterprise whereby the negligence of one member of the enterprise is imputable to others, resting as it does upon the relationship of agency of one for the other, does not apply in actions between members of the joint enterprise and does not, therefore, prevent one member of the enterprise from holding another liable for personal injuries inflicted by the latter's negligence in the prosecution of the enterprise. In other words, the doctrine of common or joint enterprise as a defense is applicable only as regards third persons and not parties to the enterprise. . . ." 38 A.J. 925; *Rollison v. Hicks, supra;* Note, 30 N.C.L. Rev. 179, at p. 182; 65 C.J.S. 799.

*Bass v. Ingold,* 232 N.C. 295, 60 S.E. 2d 114, and *Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73, are factually distinguishable. In those cases the defendant was seeking to bring in a third party as a joint tortfeasor under the provisions of G.S. 1-240.

To summarize: (1) There is sufficient evidence in the record to require the submission of an issue of negligence as against defendant Hunt; (2) the record fails to disclose that plaintiff was guilty of contributory negligence as a matter of law; it only presents a question for the jury on that issue; (3) as to plaintiff's suit against defendant Hunt, any negligence on the part of Hunt is not imputable to plaintiff; (4) the doctrine of joint enterprise does not apply as between plaintiff and defendant Hunt; and (5) in plaintiff's suit against the corporate defendant, the negligence of the defendant Hunt is imputable to her and bars any recovery by her from the corporate defendant.

It follows that the judgment of nonsuit entered as against the corporate defendant must be sustained, and the judgment of nonsuit as against the individual defendant must be reversed.

As to corporate defendant: Affirmed.

As to individual defendant: Reversed.