GEROLENE SMITH SORRELL, ADMINISTRATRIX OF THE ESTATE OF FLOYD THOMAS SORRELL, DECEASED v. JO ANN MOORE, ADMINISTRATRIX OF THE ESTATE OF GEORGE W. MOORE, DECEASED.

(Filed 29 January, 1960.)

**1. Pleadings §§ 3a, 7—**

The function of a pleading is to inform the adversary what facts are claimed to constitute the cause of action or defense. G.S. 1-122, G.S. 1-135.

**2. Pleadings § 31—**

If a pleading alleges facts pertinent to the cause of action or defense, such allegations may not be stricken on the ground that the facts alleged are incapable of proof, the questions of pertinency of allegations to the cause of action or defense and the competency and credibility of the evidence to prove the allegations being distinct and separate.

**3. Automobiles §§ 49, 50—**

> While the negligence of the driver will not be imputed to the owner-passenger in an action between themselves or their personal representatives, the failure of the owner-passenger, having the power and right to exercise control over the driver, to remonstrate as to the careless and reckless manner in which the driver was operating the vehicle may constitute contributory negligence, as distinguished from imputed negligence, and therefore allegations of fact constituting the basis of such defense are relevant and are improperly stricken on motion, even though the pleading denominates such negligence imputed rather than contributory negligence.

*Certiorari* on motion of defendant to review an order of *Williams, J.*, at August, 1959 Civil Term, of HARNETT.

Both intestates were killed on the night of 21 February 1959, when an automobile in which they were riding turned over. Negligent operation of the vehicle by the driver is alleged by plaintiff and by defendant. Plaintiff alleged defendant's intestate drove the automobile. Defendant denied the asserted negligence of her intestate. She averred the vehicle was in fact driven by its owner, plaintiff's intestate. Defendant, not content to rely on a mere denial of negligence, pleaded the affirmative defense of contributory negligence. She alleged if her intestate was in fact driving the vehicle, both intestates "were riding in an automobile . . . which . . . was being used by or on behalf of plaintiff's intestate and even if defendant's intestate was operating the automobile in a negligent manner, the negligence of defendant's intestate would be imputed to plaintiff's intestate as contributory negligence . . ." which negligence was asserted as a bar.

To further support her plea of contributory negligence defendant made these additional allegations: "that he (plaintiff's intestate) rode in the automobile referred to when it was driven in the manner referred to in the complaint and in the counterclaim, without remonstrating with the operator of the automobile as to the careless and reckless manner in which it was being driven" and "plaintiff's intestate failed to warn the operator of the automobile of the dangerous condition and likely result of the manner in which the automobile was being operated."

Plaintiff moved to strike the quoted portions of the answer. The motion was allowed. Defendant excepted and applied for *certiorari*, which was allowed.

*Wilson & Johnson and Edgar R. Bain for plaintiff, appellee.*
*Ruark, Young, Moore & Henderson and J. Allen Adams for defendant, appellant.*

RODMAN, J. The motion to strike is based on the assertion that the portions objected to are mere conclusions and not statements of facts; that the first quoted portion is insufficient to constitute a defense or a cause of action, and that the last two are mere conclusions "totally incapable of proof under the facts as alleged in the complaint."

The function of a pleading is to inform an adversary what facts are claimed to constitute the cause of action, G.S. 1-122, or defense, G.S. 1-135. If the complaint or answer gives notice of the facts asserted for the cause of action or defense, it has served its purpose. A party is not permitted to show facts constituting a cause of action or defense which he has not pleaded.

How a fact may be established and whether the evidence offered is sufficient are evidentiary questions, for the court on competency, and for the jury on credibility.

The court cannot act on evidentiary questions until the evidence is offered. It has no right to assume that a party will not be able to prove a fact alleged. It follows that facts pleaded should not be stricken upon an assertion that they are incapable of proof.

The two portions of the answer last quoted alleged facts. Defendant may or may not be able to establish the facts alleged. She should not be deprived of the right to offer competent evidence for that purpose. *Weant v. McCanless,* 235 N.C. 384, 70 S.E. 2d 196; *Williams v. Thompson,* 227 N.C. 166, 41 S.E. 2d 359.

The portion of the answer first quoted alleges both facts and a legal result. It alleges, when considered in connection with the remainder of the answer, that plaintiff's intestate was the owner of the car, defendant's intestate was operating it with the assent of and for the owner, the car was being driven at an unlawful rate of speed and without due care and circumspection, with at least the implied approval of the owner then present. It alleges the driver's negligence *would be imputed* to the owner.

A driver's negligence is not *imputed* to an owner-occupant of an automobile, as that word is ordinarily used in the law of negligence, meaning responsible for or chargeable with, when the owner-occupant sues the driver for injuries resulting from the driver's negligence. The negligence of a driver acting for the owner and in the scope of his authority is of course imputed to the owner in actions between the owner and parties other than driver.

While an owner-occupant is not chargeable with the negligence of the driver so as to prevent the owner from recovering from the driver for the driver's negligence, the owner-occupant, like any other

person, must take reasonable precautions to protect himself from injury. What is reasonable care depends on existing conditions. An owner ordinarily has the duty and ability to control and direct the manner in which his vehicle is to be operated. He cannot sit placidly by and, when injured by the negligent operation, escape the consequences of his lack of due care.

The distinction between "imputed negilgence" and contributory negligence has been recognized by us. Contributory negligence is a bar when established. *Tew v. Runnels*, 249 N.C. 1, 105 S.E. 2d 108; *Dosher v. Hunt*, 243 N.C. 247, 90 S.E. 2d 374; *Rollison v. Hicks*, 233 N.C. 99, 63 S.E. 2d 190; *Harper v. Harper*, 225 N.C. 260, 34 S.E. 2d 185; *Bogen v. Bogen*, 220 N.C. 648, 18 S.E. 2d 162; *Litaker v. Bost*, 247 N.C. 298, 101 S.E. 2d 31; *O'Brien v. Woldson*, 62 A.L.R. 436; *Campbell v. Campbell*, 85 A.L.R. 626; 5 Am. Jur. 769.

The allegations are not sufficient to impute or hold plaintiff responsible for the driver's negligence. They are, however, sufficient to charge the owner with the power and right to exercise control, a failure to act, and knowledge of the probability of injury from the negligent operation. These facts, if established, would constitute contributory negligence and thereby bar recovery. It was necessary to allege the facts to have the right to offer the evidence. It follows that the court erred in allowing the motion.

Reversed.