RONALD WAYNE STRICKLAND, BY HIS NEXT FRIEND W. H. STEED v.
LESLIE HUGHES
No. 6822SC351

(Filed 18 September 1968)

**1. Automobiles § 94— contributory negligence of owner-passenger — sufficiency of evidence**

Whether or not the owner-passenger of an automobile was contributorily negligent in riding with defendant who had been driving at reasonable speeds but who suddenly accelerated to a speed of 70 or 80 miles per hour about one quarter of a mile before the accident took place, the passenger-owner testifying that he did not have time to ask defendant to "slow down or anything", is a question for the jury.

**2. Automobiles § 94— contributory negligence of passenger — issue for determination**

In determining a passenger's contributory negligence in failing to admonish a negligent driver, the question is not how quickly the passenger could react and admonish the driver to slow down but is whether the passenger exercised that degree of care for his own safety a reasonably prudent person would employ under the same or similar circumstances.

**3. Automobiles § 95— negligence of driver imputed to owner-passenger — when owner sues**

A driver's negligence is not imputed to an owner-passenger of an automobile when the owner-passenger sues the driver for injuries resulting from the driver's negligence; like any other passenger, however, the owner-passenger must take reasonable precautions to protect himself from injury.

**4. Automobiles § 94— duty of owner-passenger to control driver**

An owner-passenger ordinarily has the right and the duty to control and direct the manner in which his vehicle is to be operated; he cannot fail to exercise this right and duty and, when injured by negligent operation, escape the consequences of his lack of due care.

**5. Negligence § 1— due care defined**

What is due care or reasonable precaution depends upon the existing circumstances and conditions; whether a person has exercised due care is ordinarily a question for jury determination.

APPEAL by plaintiff from *Collier, J.*, 6 May 1968 Civil Session, DAVIDSON Superior Court.

Plaintiff, as owner-passenger, brings this action against the driver of plaintiff's automobile to recover damages for personal injuries received in a one-car collision. Plaintiff alleges defendant was negligent with respect to speed, control and lookout. Defendant denies negligence, but in the alternative alleges contributory negligence of the plaintiff-owner in failing to remonstrate with defendant concerning the negligent operation of plaintiff's vehicle.

At the close of plaintiff's evidence the trial judge entered a judgment of nonsuit after dictating the following into the record:

"At the conclusion of the plaintiff's testimony, counsel for defendant made a motion for nonsuit, which motion is allowed, the Court finding as a matter of law that plaintiff by his own testimony is guilty of contributory negligence in that, as the owner-passenger of the automobile being operated on the occasion in question, he failed to exercise any control of the operation of the automobile, on his testimony, for a distance of approximately a quarter of a mile while same was being operated at a speed from 70 to 80 miles an hour; that said failure on behalf of the plaintiff to attempt to exercise any degree of control over the speed of the automobile is held to be contributory negligence as a matter of law and nonsuit is allowed."

Plaintiff appealed from the entry of judgment of nonsuit.

*Charles F. Lambeth, Jr. for plaintiff appellant.*

*Frank P. Holton, Jr. for defendant appellee.*

BROCK, J.

[1] The plaintiff's evidence when viewed in the light most favorable to him tends to show the following: Plaintiff was the owner of the 1963 Chevrolet being driven by the defendant on the occasion in question. On 13 August 1965, plaintiff was tried in Thomasville Recorder's Court upon a charge of reckless driving, and upon conviction the Court had required him to surrender his driver's license. Plaintiff's cousin, Jimmy Honeycutt, drove plaintiff's car from the courthouse to defendant's place of business. Defendant then began

driving plaintiff's car, and, after completing several errands around Thomasville, defendant drove to the community of Silver Valley looking for someone who had previously done some work for defendant. They had started back to Thomasville at the time of the accident. Defendant had been driving at reasonable speeds, but about one quarter of a mile before the accident defendant accelerated to a speed of 70 or 80 miles per hour. As the vehicle was going into a curve in the road it skidded on loose gravel, overturned, and injured plaintiff. Plaintiff did not say anything to defendant about the speed. He testified: "I didn't have time to make objection then to the way he was driving. I didn't ask him to slow down or anything."

[2]    At a speed of 70 miles per hour a car will travel one quarter of a mile in about 12.8 seconds. Therefore, the negligence of the defendant existed for only 12.8 seconds according to plaintiff's evidence. Obviously, even this short span of time would be sufficient to allow a person to say "slow down" or some similar brief phrase. But the question is not how quickly a passenger *could* react and admonish the driver to slow down. The question is whether the passenger exercised that degree of care for his own safety that a reasonably prudent person would employ under the same or similar circumstances.

[3]    A driver's negligence *is not imputed* to an owner-passenger of an automobile, as that word is ordinarily used in the law of negligence, when the owner-passenger sues the driver for injuries resulting from the driver's negligence. However, in actions between the owner and parties other than the driver, the rule is that the negligence of the driver acting within the scope of his authority *is imputed* to the owner. *Sorrell v. Moore*, 251 N.C. 852, 112 S.E. 2d 254.

[3-5]    An owner-passenger ordinarily has the right and the duty to control and direct the manner in which his vehicle is to be operated. He cannot fail to exercise this right and duty and, when injured by negligent operation, escape the consequences of his lack of due care. And although an owner-passenger is not chargeable with the negligence of the driver so as to prevent the owner from recovering from the driver for the driver's negligence, the owner-passenger, like any other passenger, must take reasonable precautions to protect himself from injury. *Sorrell v. Moore, supra.* What is due care, or reasonable precaution, depends upon the existing circumstances and conditions; and whether a person has exercised due care, that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances, is ordinarily a question for jury determination.

[1] It may be that plaintiff's evidence in this case contains inconsistencies, but it is for the jury to determine the weight and credit to be given the testimony, and to resolve the inconsistencies. We hold that the evidence, when considered in the light most favorable to the plaintiff, does not show contributory negligence as a matter of law. It follows, therefore, that we disagree with the ruling of the trial judge, and that the judgment appealed from is

Reversed.

BRITT and PARKER, JJ., concur.