E. RAY ETHERIDGE, ANCILLARY ADMINISTRATOR OF THE ESTATE OF GEORGE RAY BUSBY, JR., DECEASED v. NORFOLK SOUTHERN RAILWAY COMPANY

No. 691SC376

(Filed 14 January 1970)

**1. Negligence § 35— contributory negligence — nonsuit**

A motion for judgment of nonsuit on the ground of contributory negligence will be granted only when plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion can be reasonably drawn therefrom.

**2. Automobiles §§ 95, 109— negligence imputed to owner-occupant — relinquishment of control of car — sufficiency of evidence**

In a wrongful death action instituted by the administrator of the owner-occupant of an automobile against the defendant railroad for damages arising out of a grade-crossing collision, the contributory negligence of the driver is imputed to the owner-occupant and bars recovery by the administrator, unless there is evidence to show that the owner-occupant, prior to the collision, had relinquished the right to control the manner and method of using the automobile; the administrator's evidence that a few minutes before the collision occurred the owner-occupant had asked a passenger to take over the driving and that thereafter the owner-occupant did not direct the driver as to which road he should take at an intersection, but chose instead to talk to another passenger, *held* insufficient to support a jury finding that the owner-occupant had relinquished control of the automobile.

**3. Automobiles §§ 95, 109— negligence imputed to owner-occupant**

Negligence is imputed to the owner-occupant of an automobile when the owner had the legal right to control the manner in which the automobile was being operated.

APPEAL by defendant from *Parker, J.,* at the January 1969 Civil Session of CURRITUCK Superior Court.

This is an action for wrongful death brought by the ancillary administrator for the estate of George Ray Busby, Jr., deceased (Busby). Plaintiff alleged and introduced evidence showing that Busby died from injuries sustained in a collision between an automobile owned by Busby and in which he was riding and a train belonging to defendant at a grade crossing at Gregory in Currituck County on Sunday, 28 August 1960.

Briefly summarized, plaintiff's evidence pertinent to this appeal tended to show: Highway 1148 runs east and west and bisects defendant's railroad which runs north and south at near right angles in the village of Gregory, N. C. At the time of the collision — approximately 2:40 p.m. — Busby's automobile was traveling west and

defendant's train was traveling south. The automobile was being operated at the time by one Gallamore and Busby was riding in the front seat on the extreme right, four other people being in the car. All occupants of the car, with possible exception of one, were residents of Norfolk, Virginia, and prior to the collision were pleasure riding. No occupant of the car was familiar with the road on which they were traveling. Further pertinent facts are set forth in the opinion.

In his complaint plaintiff alleged various acts and omissions constituting negligence on the part of defendant. In its answer defendant alleged contributory negligence on the part of Gallamore and that his contributory negligence was imputed to Busby as the owner-occupant of the car.

Issues were submitted to and answered by the jury as follows:

"(1)   Was the death of plaintiff's intestate, George Ray Busby, Jr., caused by the negligence of the defendant, as alleged in the complaint?

ANSWER:   YES

(2)   Was the operator of plaintiff's intestate's automobile, Lloyd D. Gallamore, negligent, as alleged in the Answer?

ANSWER:   YES

(3)   If so, is such negligence of the said Lloyd D. Gallamore imputable to plaintiff's intestate, George Ray Busby, Jr.?

ANSWER:   NO

(4)   What amount of damages, if any, is the plaintiff entitled to recover of the defendant?

ANSWER:   $25,000.00"

From judgment in favor of plaintiff entered on the verdict, defendant appealed.

*E. Ray Etheridge, Morris H. Fine and William N. Eason for plaintiff appellee.*

*J. Kenyon Wilson, Jr., and Hall & Hall by John H. Hall, Jr., for defendant appellant.*

BRITT, J.

Although defendant raises no question regarding the sufficiency of plaintiff's evidence to make out a *prima facie* case of actionable

negligence, we deem it appropriate to say that the evidence of actionable negligence was sufficient to warrant submission of the first issue to the jury.

In the first question presented in its brief, defendant contends that the negligence of Gallamore was imputed to Busby and his personal representatives as a matter of law and that by reason thereof the trial court should have granted defendant's motion for nonsuit or should have granted defendant's request that the jury be peremptorily instructed to answer the second and third issues in the affirmative.

[1]    We do not think the trial court erred in submitting the second issue and refusing to give a peremptory instruction as to it. It is well established in this jurisdiction that a motion for judgment of nonsuit on the ground of contributory negligence will be granted only when plaintiff's own evidence establishes the facts necessary to show contributory negligence so clearly that no other conclusion can be reasonably drawn therefrom. *Johnson v. Thompson, Inc.,* 250 N.C. 665, 110 S.E. 2d 306; *Williams v. Hall,* 1 N.C. App. 508, 162 S.E. 2d 84. The rule would apply in cases where it is alleged and shown that plaintiff is contributorily negligent and in cases where someone whose negligence is imputable to plaintiff is alleged and shown to be contributorily negligent. Furthermore, since the jury in the case at bar answered the second issue in favor of defendant, we perceive no prejudice to defendant.

[2]    We come now to a consideration of questions raised by defendant as to the third issue and particularly defendant's contention that it was entitled to a peremptory instruction in its favor on that issue. Specifically, two questions present themselves: (1) does the doctrine of "imputed negligence" bar recovery by the owner-occupant (or his estate) in an action against a negligent third party where the driver is found contributorily negligent, and (2) do the facts in this case show imputed negligence as a matter of law? A review of pertinent decisions and the evidence in this case impels an affirmative answer to both questions.

In *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543, in a well-written opinion by Moore, J., it is said:

"The owner-passenger of an automobile ordinarily has the right to control and direct its operation. So then, when he seeks to recover from a third party damages resulting from a collision of the vehicle with some other automobile or object, the negligence, if any, of the party who is operating the automobile with

the owner-passenger's permission or at his request is, nothing else appearing, imputed to the owner-passenger. *Dosher v. Hunt,* 243 N.C. 247, 251, 90 S.E. 2d 374; *Harris v. Draper,* 233 N.C. 221, 225, 63 S.E. 2d 209. * * *

* * *

The rationale of the *Harper* decision [225 N.C. 260, 34 S.E. 2d 185] is that 'the owner of an automobile has the right to control and direct its operation . . . (and where) the owner possessed the right to control, that he did not exercise it is immaterial.' "

Plaintiff recognizes the legal principles set forth in *Shoe v. Hood, supra,* but contends that the evidence presented in the instant case showed that Busby at the time of the collision had completely relinquished control of the automobile to Gallamore and thus brought himself within the exception to the rule. It therefore becomes appropriate for us to review the evidence bearing on this contention.

Evidence pertaining to the nature of the occasion and circumstances under which Gallamore was driving was given by plaintiff's witnesses Thornburg and Clark, who were two of the occupants of the car. Their testimony revealed the following: On Sunday, 28 August 1960, at about 12:30 p.m., Busby, driving his 1956 Ford Victoria and accompanied by three other young men and two young women, left Norfolk and drove down into Currituck County, North Carolina. At that time, Gallamore was riding in the front seat on the extreme right and Janet Cox in the middle on the front seat; in the back seat, Clark was on the left, Thornburg on the right, and Carol Beck in the middle. Soon after they left Norfolk, they stopped at an unnamed place where Busby purchased 24 cans of beer which Clark and Thornburg helped pay for. Thereafter and prior to the collision, Busby, Clark and Thornburg drank all of the beer except for a few cans; neither Gallamore nor the girls drank any of the beer. Some ten minutes before the collision occurred at about 2:40 p.m., as they were riding on Highway 158 "just enjoying the country," the girls asked Busby not to drive so fast for the reason that he had been drinking. Thereupon, Busby drove his car off to the right side of Highway 158 and "relinquished control of the car" to Gallamore. From that point on Busby rode on the extreme right of the front seat and said nothing to Gallamore about how or where to drive. Gallamore proceeded to drive on Highway 158 for one or two miles and they came to the intersection of Highway 1148 where a sign indicated 1148 led to Norfolk. At Clark's suggestion, Galla-

more turned right on 1148 and proceeded in the general direction of Norfolk for some two miles to Gregory where the collision occurred.

[3]    In North Carolina, negligence is imputed to the owner-occupant of an automobile according to the following test: "Did the owner, under the circumstances disclosed, have the legal right to control the manner in which the automobile was being operated — was his relation to the operation such that he would have been responsible to a third party for the negligence of the driver?" *Shoe v. Hood, supra.*

There is a strong argument that imputed negligence should be applied only for the purpose of holding the owner-occupant "responsible to a third party for the negligence of the driver" rather than as a bar to recovery by the owner-occupant. In fact, the overwhelming number of decisions invoking the principle deal with *primary negligence* rather than contributory negligence. See *Nash v. R. R.,* 202 N.C. 30, 161 S.E. 857; *Baird v. Baird,* 223 N.C. 730, 28 S.E. 2d 225; *Harper v. Harper,* 225 N.C. 260, 34 S.E. 2d 185; *Dosher v. Hunt,* 243 N.C. 247, 90 S.E. 2d 374; *Shoe v. Hood, supra,* and the cases therein cited.

Also, it is clear that the rule of imputed negligence *does not apply* as between the owner-occupant and the driver in cases where the owner-occupant "sues the driver for injuries resulting from the driver's negligence." *Strickland v. Hughes,* 2 N.C. App. 395, 163 S.E. 2d 24. In such cases, contributory negligence must be established to bar recovery. *Sorrell v. Moore,* 251 N.C. 852, 112 S.E. 2d 254. In *Rollison v. Hicks,* 233 N.C. 99, 63 S.E. 2d 190, the court pointed out that "it would offend justice and right to impute the negligence of a servant to his master and thus exempt him from the consequences of his own wrong-doing where the negligence proximately causes injury to a master who is without personal fault." ("Strictly speaking, the person operating with the permission or at the request of the owner-occupant is not an agent or employee of the owner, but the relationship is such that the law [and terminology] of agency is applied." *Shoe v. Hood, supra.*)

The application of imputed negligence to contributory negligence creates an anomalous situation such that the negligence of the driver Gallamore would not be imputed to Busby if Gallamore had run into a stopped train and were sued by Busby but would be imputed in Busby's action against the railroad company where Gallamore negligently ran into a *negligently operated* train. It is questionable whether a rule purporting to protect *innocent* third parties should have such an effect, and it is arguable that if the driver must

establish contributory negligence on the part of the owner-occupant to bar recovery for *his negligence,* the negligent third party should meet the same standard before being shielded by law from the consequences of *its negligent acts.*

[2] However, we interpret the authorities as upholding the application of "imputed negligence" to the contributory negligence which the jury found in the case at bar. Application of the principle to bar recovery by an owner-occupant because of the contributory negligence of the driver appears in *Beck v. Hooks,* 218 N.C. 105, 10 S.E. 2d 608; *Eason v. Grimsley,* 255 N.C. 494, 121 S.E. 2d 885; *Davis v. Jessup and Carroll v. Jessup,* 257 N.C. 215, 125 S.E. 2d 440; *Green v. Tile Co.,* 263 N.C. 503, 139 S.E. 2d 538. We also call attention, without comment, to the decision in *Matheny v. Motor Lines,* 233 N.C. 681, 65 S.E. 2d 368, in which the court held that where husband and wife jointly owned an automobile which was being driven by the husband with the wife's consent for a common purpose, the wife being an occupant, they were engaged in a joint enterprise so that negligence on the part of the husband barred her right to recover from a third party for injuries received in a collision with another vehicle. In the instant case, Busby was the *sole* owner of the automobile. In light of these decisions, we are of the opinion that the application of "imputed negligence" to the case at bar is required.

In *Shoe v. Hood, supra,* the court explained that "the owner of an automobile has the right to control and direct its operation . . . (and where) the owner possessed the right to control, that he did not exercise it is immaterial." The test is whether "the owner, under the circumstances disclosed, [had] the legal right to control the manner in which the automobile was being operated."

In *Eason v. Grimsley, supra,* the court stated: "The owner of an automobile, riding therein as a passenger, ordinarily has the right to control and direct its operation. The negligence, if any, of a party operating an automobile with the owner-passenger's permission or at his request is, nothing else appearing, imputed to the owner-passenger."

To avoid operation of the rule of law which imputes negligence to the owner-occupant, there must be facts showing "a bailment" or "other disposition or prevailing condition by which [he] relinquished, for the time being, the incidents of ownership and the right to control the manner and methods of its use." *Shoe v. Hood, supra.* As in *Tew v. Runnels,* 249 N.C. 1, 105 S.E. 2d 108, "[w]hile there is testimony tending to show the defendant was intoxicated

there is no evidence to the effect he was too drunk to be conscious of what was going on * * *; or that defendant had surrendered or relinquished *his right* of control. * * *" (Emphasis added.) In *Baird v. Baird, supra,* the court said: "Maria Reid Baird was operating the automobile with the permission, if not at the request, of the owner. The owner, Mrs. Baird, was present and had the legal right to control its operation. The negligent conduct, if any, of the driver, was imputable to her. The mere fact that she chose to fall asleep in the rear seat and refrained from directing its operation did not change her rights or limit her liability."

The court submitted the issue of imputed negligence to the jury; it is our opinion that a peremptory instruction in favor of defendant should have been given. Gallamore was operating the automobile with the permission, if not at the request, of the owner Busby. The mere fact that he did not direct Gallamore as to which road to take at an intervening intersection, choosing instead to talk to another passenger during the two to three minutes between the change of drivers and the wreck, is not "susceptible of conflicting interpretations" to present a question of fact for the jury. We are governed by the settled principle that "[w]here, however, reasonable minds can reach but one conclusion from the uncontradicted facts, the question becomes one of law for the court." *Shoe v. Hood, supra.* The one conclusion possible here is that the facts fail to show a disposition or prevailing condition by which the owner relinquished the incidents of ownership and the legal right to control the automobile.

For the reasons stated, the judgment of the superior court is

Reversed.

BROCK and VAUGHN, JJ., concur.