JOE CHRIS HEARNE, JR. v. CLARENCE ODELL SMITH

No. 7419SC625

(Filed 18 September 1974)

Automobiles § 95— negligence of driver imputed to owner passenger
    As a result of plaintiff's capacity as owner and status as passenger, the driver's negligence was imputed to him, thereby making plaintiff contributorily negligent as a matter of law and entitling defendant to summary judgment in plaintiff's action for personal injury and property damage resulting from a collision between plaintiff's automobile and defendant's automobile.

APPEAL by plaintiff from Godwin, Special Judge, 8 April 1974 Session of Superior Court held in MONTGOMERY County.

Plaintiff seeks compensation for personal injuries and property damage resulting from a collision between plaintiff's automobile in which plaintiff was a passenger and defendant's automobile.

Plaintiff alleges that he was a passenger in his 1967 Plymouth automobile which was being driven by Walter Ivey Smith with the permission of plaintiff. Defendant was driving his automobile. Plaintiff alleges, in his verified complaint, that both Walter Ivey Smith and defendant were driving in a careless and negligent manner so as to proximately cause the accident.

According to plaintiff's allegations, Walter Ivey Smith operated plaintiff's vehicle at an excessive and dangerous rate of speed, failed to exercise a proper lookout, operated plaintiff's vehicle to left of center line of highway and failed to decrease speed in order to avoid the collision with defendant. Plaintiff alleges that this negligence by Walter Ivey Smith was a proxi-

mate cause of the collision and the resulting injury and damage to plaintiff.

In his answer to plaintiff's complaint, defendant alleges that Walter Ivey Smith was negligent and that his negligence should be imputed to plaintiff, owner-passenger, as a matter of law. Defendant additionally pleads that, even if he were negligent, plaintiff was contributorily negligent under the imputed negligence doctrine.

Defendant moved for summary judgment on the grounds that plaintiff had affirmatively alleged that the driver of his own automobile was negligent at a time when plaintiff was present in the automobile, and that plaintiff was contributorily negligent as a matter of law. Defendant's motion was granted on the grounds that the alleged negligence of Walter Ivey Smith is by law imputed to plaintiff.

*Ottway Burton for plaintiff appellant.*

*Henson, Donahue & Elrod by Daniel W. Donahue for defendant appellee.*

VAUGHN, Judge.

Defendant-movant relies on plaintiff's allegation that plaintiff was the owner of and passenger in an automobile which was negligently driven by Walter Ivey Smith so as to proximately cause a collision and resulting injury and damage to plaintiff. Defendant then moves for summary judgment on the grounds that as a result of plaintiff's capacity as owner and status as passenger, Walter Ivey Smith's negligence is imputed to him, thereby making plaintiff contributorily negligent as a matter of law.

> "In North Carolina, negligence is imputed to the owner-occupant of an automobile according to the following test: 'Did the owner, under the circumstances disclosed, have the legal right to control the manner in which the automobile was being operated—was his relation to the operation such that he would have been responsible to a third party for the negligence of the driver?'"

*Etheridge v. R. R. Co.,* 7 N.C. App. 140, 144, 171 S.E. 2d 459, 462. *Also see Shoe v. Hood,* 251 N.C. 719, 724, 112 S.E. 2d 543, 548.

Here, although plaintiff may not have had physical control, he did have the legal right to control, and that is the test.

The application of "imputed negligence" to contributory negligence has been upheld in cases to bar recovery by an owner-occupant. *Etheridge v. R. R. Co., supra,* at 145, 171 S.E. 2d, at 462. Such an application to the present case establishes the contributory negligence of plaintiff, owner-occupant, and thus bars any recovery by plaintiff against defendant.

The foregoing necessitates our conclusion that the movant did satisfy his burden of showing that he was entitled to judgment as a matter of law.

Pursuant to G.S. 1A-1, Rule 56 (e), "an adverse party may not rest upon the mere allegations or denials of his pleading" and his response "must set forth specific facts showing that there is a genuine issue for trial." If the adverse party fails to do so, summary judgment shall be entered against him.

Following defendant's motion for summary judgment in the case at bar, plaintiff, as the adverse party, did not meet his burden of coming forward with specific facts showing that there was a genuine issue for trial.

The judgment granting defendant's motion for summary judgment is affirmed.

Affirmed.

Judges CAMPBELL and PARKER concur.