ROY LEE CLARK v. WILLIAM MOORE, ROGER C. MOORE OIL CO., INC.

No. 826SC1306

(Filed 20 December 1983)

1. Automobiles and Other Vehicles § 55; Negligence § 29.1— leaving disabled truck in lane of traffic without warning signal—sufficiency of evidence of negligence

Plaintiff's evidence was ample to show that defendants were negligent *per se* in leaving a disabled truck in a lane of traffic, unattended and without warning signals, in violation of G.S. 20-161(c).

2. Automobiles and Other Vehicles § 88— driving with blinding sun in face—not contributory negligence as a matter of law

In a personal injury action where plaintiff drove his pickup truck into the rear of an oil company truck which had been abandoned on the road, the jury could reasonably infer from plaintiff's evidence that he was driving with the blinding sun in his face; that plaintiff was exercising the ordinary care required of a reasonably prudent person who finds himself driving with the blinding sunlight in his face.

APPEAL by defendants from *Strickland, Judge.* Judgment entered 4 October 1982 in Superior Court, HALIFAX County. Heard in the Court of Appeals 28 October 1983.

This personal injury action was filed as a result of a collision on 16 November 1977, when plaintiff's 1973 Datsun pickup truck ran into the rear of Moore Oil Company's delivery truck, which had been abandoned by defendant William Moore on Rural Paved Road Number 1357 in Warren County, North Carolina. Plaintiff alleged that defendants were negligent in leaving the oil truck unattended in a lane of travel of a highway without warning devices. Defendants denied any negligence on their part and pleaded plaintiff's contributory negligence as a defense.

At trial before a jury, plaintiff's evidence tended to show: that defendant's truck had been stopped in the eastbound lane of travel; that defendant William Moore had been operating defendant's truck; that at approximately 6:45 a.m., defendant William Moore left his disabled truck in the eastbound lane of traffic while he caught a ride to a service station; that defendant William Moore left the truck unattended, with no warning devices; that as plaintiff approached defendants' stopped vehicle, at approximately 7:00 a.m., the sun was shining in his face; that the

speed limit was 55 miles per hour; that plaintiff was driving at a speed between 30 and 40 miles per hour; that plaintiff was driving for about 800 feet while blinded by the sun; that plaintiff drove that stretch of highway every morning; that plaintiff was in the shadow of the oil truck before he saw it and crashed into it; and that plaintiff's vehicle was damaged extensively and plaintiff suffered personal injuries.

Defendants put on no evidence and moved for directed verdict at the close of plaintiff's evidence and at the end of all the evidence. The trial judge denied the motions, and the jury found for plaintiff. The trial judge entered judgment for $7,500.00 for plaintiff. Defendants' motion for judgment notwithstanding the verdict was denied. From the verdict and judgment, defendants appeal.

*Hux, Livermon and Armstrong, by James S. Livermon, Jr., for plaintiff-appellees.*

*Battle, Winslow, Scott & Wiley, by Robert L. Spencer, for defendant-appellants.*

EAGLES, Judge.

Defendants ask us to find that the trial judge erred in denying their motions for directed verdict and in denying their motion for judgment notwithstanding the verdict. Defendants contend that plaintiff's evidence as to defendants' negligence was not sufficient to submit the case to the jury and that plaintiff's own evidence showed contributory negligence as a matter of law. We do not agree with either contention.

Defendants' motion for directed verdict under Rule 50(a) of the North Carolina Rules of Civil Procedure and defendants' motion for judgment notwithstanding the verdict under Rule 50(b) present the question whether, as a matter of law, the evidence is sufficient to entitle plaintiff to have the jury pass on it. In ruling on defendants' Rule 50 motions, the evidence must be considered in the light most favorable to the plaintiff, and he is entitled to all reasonable inferences that can be drawn from it. The court should deny motions for directed verdict and judgment notwithstanding the verdict when it finds any evidence more than a scintilla to support plaintiff's prima facie case in all its constituent elements.

*Hunt v. Montgomery Ward and Co.,* 49 N.C. App. 642, 272 S.E. 2d 357 (1980).

[1] Plaintiff presented ample evidence to show that defendants were negligent per se in leaving a disabled truck in a lane of traffic, unattended and without warning signals. Plaintiff presented uncontradicted testimony that defendants' truck was abandoned on the highway without warning signals. G.S. 20-161(c) provides:

> The operator of any truck, trailer or semi-trailer which is disabled upon any portion of the highway shall display warning signals not less than 200 feet in the front and rear of the vehicle. During daylight hours, such warning signals shall consist of red flags.

Violation of G.S. 20-161 is negligence per se, but whether such violation is the proximate cause of plaintiff's injuries is a question for the jury. *Wilson v. Miller,* 20 N.C. App. 156, 201 S.E. 2d 55 (1973). Accordingly, defendants' motions for directed verdict and judgment notwithstanding the verdict were properly denied as to the negligence issue.

[2] Defendants also contend that plaintiff's evidence showed contributory negligence by plaintiff as a matter of law. Directed verdict or judgment notwithstanding the verdict on the grounds of contributory negligence should be granted only when the evidence establishes plaintiff's negligence so clearly that no other reasonable inference can be drawn from the evidence. *Daughtry v. Turnage,* 295 N.C. 543, 246 S.E. 2d 788 (1978); *Burrow v. Jones,* 51 N.C. App. 549, 277 S.E. 2d 97 (1981). While contributory negligence on the part of plaintiff could be inferred in that he continued driving with the blinding sun in his face, that is not the only reasonable inference to be drawn from the evidence. The jury could, and apparently did, infer that plaintiff was exercising the ordinary care required of a reasonably prudent person who finds himself driving with blinding sunlight in his face. Because plaintiff was entitled to all reasonable inferences in his favor that could be drawn from the evidence, defendants' Rule 50 motions as to the issue of contributory negligence were also properly denied.

Affirmed.

Judges WEBB and PHILLIPS concur.