OTTO C. MEADOWS AND WIFE, EVA N. MEADOWS v. CIGAR SUPPLY COM-
PANY, INC. AND CARGOCARE TRANSPORTATION COMPANY, INC.

No. 8811SC260

(Filed 20 September 1988)

**Automobiles § 50.3— parking truck in lane of travel—sufficiency of evidence of
breach of duty—hitting truck not contributory negligence as matter of law**

    In an action to recover for injuries sustained in an automobile accident,
issues as to whether defendant breached a duty owed to plaintiff and whether
plaintiff was contributorily negligent should have been determined by a jury
where the evidence tended to show that defendant parked one of its flatbed
trucks in the eastbound lane of travel with its flashers on to warn motorists
that another truck was protruding into the lane of travel while its back was in
the loading bay area of defendant's warehouse; motorists in the eastbound lane
of travel at the time of the accident were blinded by the sun; immediately
prior to the accident in question a police officer, wearing sunglasses, using his
visor, and looking through the tinted glass of his patrol car, did not see defend-
ant's truck with its flashers working; and plaintiff struck the back of defend-
ant's truck without ever having seen it.

APPEAL by plaintiffs from *Johnson (E. Lynn), Judge.* Order
entered 9 November 1987 in Superior Court, LEE County. Heard
in the Court of Appeals 1 September 1988.

    Plaintiffs seek to recover for personal injuries and property
damage suffered by Mr. Meadows and loss of consortium by Mrs.
Meadows when Mr. Meadows was involved in an automobile acci-
dent allegedly caused by the actionable negligence of defendants.
Plaintiffs gave notice of dismissal without prejudice as to Cargo-
care Transportation Company, Inc. (Cargocare), and Cargocare is
not a party to this appeal. An order was entered granting sum-
mary judgment for Cigar Supply Company, Inc. (Cigar Supply).
Plaintiffs appeal.

    *Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr.,
for plaintiffs-appellants.*

    *Donald J. McFadyen for defendant-appellee.*

SMITH, Judge.

Plaintiffs' sole assignment of error is directed at the trial court's granting of defendant's motion for summary judgment. Plaintiffs contend the trial court erred in granting defendant's motion in that the issues of whether defendant breached a duty owed to Mr. Meadows and whether Mr. Meadows was contributorily negligent should be determined by a jury. We agree.

The affidavits and depositions disclose that on 6 January 1986, between 7:00 and 8:00 a.m., a Cargocare truck was backed into a loading bay area of a warehouse with the truck cab protruding into the outside eastbound travel lane of Third Street in Sanford, North Carolina. A Cigar Supply flatbed truck was also parked adjacent to the curb in the outside eastbound lane north of the Cargocare cab. Cigar Supply's employee activated four-way flashers on its truck to warn approaching motorists of the Cargocare truck.

Just before 8:00 a.m., Officer Billy Norris of the Sanford Police Department was driving east in the inside lane on Third Street near the Cigar Supply warehouse. Although he was wearing sunglasses, using his car's sun visor, and looking through the tinted glass of his patrol car, it was extremely difficult for him to see because of the rising sun's glare. Norris did not see the Cigar Supply Truck parked in the outside lane until he was directly beside it and would have struck it had he been in the outside lane. He immediately drove around the block to return to the warehouse and have the truck moved or have other measures taken to warn approaching traffic.

Mr. Meadows testified in his deposition that while Officer Norris was circling the block, Mr. Meadows was driving his van east in the outside lane of Third Street. The sun's glare impaired his vision, so he took his foot off the accelerator but continued to drive ahead. He did not apply his brakes or stop his vehicle. Mr. Meadows did not see the Cigar Supply truck before he hit the back of it.

By deposition, Cigar Supply's manager on duty on 6 January 1986 testified that on numerous occasions before the accident he had ordered employees to park a truck on the street with its flashers on to warn motorists of trucks protruding from the

---

Meadows v. Cigar Supply Co.

---

loading dock into the outside lane of Third Street. However, other Cigar Supply employees testified that 6 January 1986 was the first time they remembered a truck being parked on the street to warn approaching motorists. Defendant also submitted the affidavit of Robert J. Bracken, a licensed surveyor and registered engineer, to the effect that a driver travelling the same path as Mr. Meadows would have had an unobstructed view of the parked truck at least 520 feet from the location of the accident.

The trial court's judgment is correct "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that [defendant] is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). "Summary judgment may not be granted if there is any genuine issue as to any material fact." *Gray v. American Express Co.*, 34 N.C. App. 714, 715, 239 S.E. 2d 621, 623 (1977). In ruling on defendant's motion for summary judgment, the court must consider any evidence in the light most favorable to plaintiffs, *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E. 2d 79 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E. 2d 39 (1986), and give to plaintiffs all favorable inferences which may reasonably be drawn from the evidence. *Whitley v. Cubberly*, 24 N.C. App. 204, 210 S.E. 2d 289 (1974).

In a negligence action, summary judgment for defendant is proper if the evidence establishes as a matter of law no negligence on the part of defendant or contributory negligence by plaintiff. *Stansfield v. Mahowsky*, 46 N.C. App. 829, 266 S.E. 2d 28, *disc. rev. denied*, 301 N.C. 96 (1980). Plaintiffs claim, *inter alia*, that defendant was negligent by (1) parking and leaving standing its truck upon a paved and main travelled portion of a North Carolina highway in violation of G.S. 20-161(a) and (2) failing to give adequate warning or notice to approaching traffic of the presence of its parked vehicle. G.S. 20-161(a) only applies outside municipal corporate limits and is thus inapplicable to the case at bar. Additionally, plaintiffs have not alleged or shown a violation of any local safety ordinance to support a claim of negligence. Therefore, defendant was negligent only if it did not exercise due care in the existing circumstances and conditions.

In *Coleman v. Burris*, 265 N.C. 404, 144 S.E. 2d 241 (1965), the court found that a defendant has a common law duty to act as a

reasonably prudent person under similar circumstances to warn approaching traffic, by lights or otherwise, that its truck is blocking the street. This duty exists even in the absence of an ordinance or statute. *Id.* "[W]hether a person has exercised due care, that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances, is ordinarily a question for jury determination." *Strickland v. Hughes*, 2 N.C. App. 395, 397, 163 S.E. 2d 24, 26 (1968). The record in this case does not support a finding as a matter of law that defendant did not breach its duty. The issue of whether defendant breached its duty to Mr. Meadows is one to be determined by the jury and not by the court.

The trial court's judgment was likewise error as the record does not support a finding of contributory negligence as a matter of law.

The question of whether a motorist is contributorily negligent as a matter of law by proceeding when his or her vision becomes obscured by conditions on the highway has been addressed by our appellate courts on several occasions, with mixed results. *See White v. Mote*, 270 N.C. 544, 155 S.E. 2d 75 (1967) (motorist proceeded into fog created by insecticide fogging machine and collided with rear of the fogging truck; held not contributorily negligent as a matter of law); *Bradham v. McLean Trucking Co.*, 243 N.C. 708, 91 S.E. 2d 891 (1956) (motorist proceeding in fog created by health department truck spraying DDT, turned in front of oncoming tractor-trailer; held contributorily negligent as a matter of law); *Dawson v. Seashore Transportation Co., Inc.*, 230 N.C. 36, 51 S.E. 2d 921 (1949) (motorist proceeding into dense fog and smoke, reduced speed and struck defendant's unlighted bus; held not contributorily negligent as a matter of law); *Riggs v. Gulf Oil Corp.*, 228 N.C. 774, 47 S.E. 2d 254 (1948) (motorist proceeding in dark and fog at 25 miles per hour struck unlighted truck parked on highway; held contributorily negligent as a matter of law); *Sibbitt v. R. & W. Transit Co.*, 220 N.C. 702, 18 S.E. 2d 203 (1942) (motorist proceeded through blankets of smoke on highway at night, struck unlighted truck on highway; held contributorily negligent as a matter of law); *Clark v. Moore*, 65 N.C. App. 609, 309 S.E. 2d 579 (1983) (motorist blinded by sun struck truck which had

been abandoned on highway; held not contributorily negligent as a matter of law); *Doggett v. Welborn,* 18 N.C. App. 105, 196 S.E. 2d 36, *cert. denied,* 283 N.C. 665, 197 S.E. 2d 873 (1973) (motorist proceeded into "smoke bank" at reduced speed and struck vehicle which she knew had preceded her into the smoke; held contributorily negligent as a matter of law). It is apparent from these varied decisions that there is no absolute universal rule which may be applied; the conduct of each motorist must be evaluated in the light of the unique factors and circumstances with which he or she is confronted. Only in the clearest cases should a failure to stop completely be held to be negligence as a matter of law.

*Allen v. Pullen,* 82 N.C. App. 61, 67-68, 345 S.E. 2d 469, 473-74 (1986), *disc. rev. denied,* 318 N.C. 691, 351 S.E. 2d 738 (1987). In *Clark v. Moore, supra,* plaintiff's car struck the corporate defendant's truck which had been abandoned in plaintiff's lane of travel. The evidence showed that plaintiff approached the truck driving 15 to 25 miles per hour below the posted speed limit around 7:00 a.m. with the sun blinding his vision for about 800 feet before the point of impact. This court held that while a jury could conclude that plaintiff was contributorily negligent by continuing to drive with the blinding sun in his face, it could also "infer that plaintiff was exercising the ordinary care required of a reasonably prudent person who finds himself driving with blinding sunlight in his face." *Id.* at 611, 309 S.E. 2d at 581.

Considering the evidence in the light most favorable to plaintiffs and giving them the benefit of all reasonable inferences, the record in this case does not support a finding that Mr. Meadows was contributorily negligent as a matter of law. Further, there are genuine issues of material fact in the affidavits of Officer Norris, the Cigar Supply employees and the surveyor as to whether vision on Third Street was obstructed by the sunlight. Inconsistencies in the evidence are not to be resolved on a motion for summary judgment; "it is for the jury to determine the weight and credit to be given the testimony, and to resolve the inconsistencies." *Strickland,* 2 N.C. App. at 398, 163 S.E. 2d at 26.

We hold that the evidence, when considered in the light most favorable to plaintiffs, does not show defendant's lack of

negligence or Mr. Meadows' contributory negligence as a matter of law. These are questions for the jury.

Reversed and remanded.

Judges EAGLES and ORR concur.