NAEGELE OUTDOOR ADVERTISING, INC., D/B/A FAIRWAY OUTDOOR ADVERTISING, PETITIONER-APPELLEE v. R. SAMUEL HUNT, III, AS SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA, RESPONDENT-APPELLANT

No. COA95-232

(Filed 19 December 1995)

## Highways, Streets, and Roads § 32 (NCI4th)— outdoor advertising—spot zoning

Summary judgment was properly granted for plaintiff in an action involving billboards where permits were granted for three signs to be located in Davidson County, then revoked when NCDOT learned that the property had recently been rezoned from Rural-Agricultural to Highway Commercial. Although defendant contended that the rezoning was spot zoning in violation of 23 C.F.R. § 750.708(b), N.C.G.S. § 136-129(4) is controlling, and the record indicates that the Davidson County Board of Commissioners rezoned the relevant area from agricultural to commercial in accordance with State Law.

**Am Jur 2d, Zoning and Planning §§ 146-159.**

**Spot zoning. 51 ALR2d 263.**

Appeal by respondent-appellant from judgment entered 30 November 1994 by Judge George R. Greene in Wake County Superior Court. Heard in the Court of Appeals 17 November 1995.

*Michael F. Easley, Attorney General, by Sarah A. Fischer, Associate Attorney General, for the State.*

*Wilson & Waller, P.A., by Betty S. Waller, for petitioner-appellee.*

WYNN, Judge.

Respondent-appellant, R. Samuel Hunt III, as Secretary of Transportation of the State of North Carolina (hereinafter "Secretary"), appeals the trial court's judgment denying appellant's motion for summary judgment and granting summary judgment in favor of appellee, Naegele Outdoor Advertising Inc., d/b/a Fairway Outdoor Advertising (hereinafter "Fairway"). We affirm.

On 16 June 1993, Fairway submitted applications for outdoor advertising permits for three billboards to be erected on property owned by Rodney Bryce Owens and Mitchell Henry Leonard ("Owens/Leonard property") located in Davidson County, North Carolina. The proposed sign structures were to be located within 660 feet of Interstate 85 in accordance with N.C. Gen. Stat. § 136-129.1 (1993) of the North Carolina Advertising Control Act.

On 8 July 1993, the North Carolina Department of Transportation ("NCDOT") issued permits to Fairway for the three sign locations. However, NCDOT later learned that the Owens/Leonard property recently had been rezoned from RA-1 (Rural-Agricultural) to HC (Highway Commercial). Based on this discovery, NCDOT concluded that the parcel had been "spot zoned" to permit outdoor advertising structures in violation of 23 C.F.R. § 750.708(b) (April 1991). Consequently, NCDOT revoked Fairway's three permits pursuant to N.C. Admin. Code tit. 19A, r. 2E.0210(1) (March 1993) for "mistake of material facts by the issuing authority for which had the correct facts been made known, the outdoor advertising permit(s) in question would not have been issued." Fairway appealed this ruling to the Secretary.

On 20 December 1993, the Secretary upheld the permit revocations in accordance with T19 NCAC § 2E.0210(1) and 23 C.F.R. § 750.708(b). Thereafter, Fairway filed a petition for review in Wake County Superior Court. Following a *de novo* hearing, judgment was entered denying the Secretary's motion for summary judgment and granting Fairway's motion for summary judgment. The Secretary appealed.

---

We note at the outset that the standard of review for a summary judgment motion is whether the pleadings, depositions, answers to interrogatories, and submitted affidavits show there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990);

*Meadows v. Cigar Supply Co.*, 91 N.C. App. 404, 371 S.E.2d 765 (1988).

With the foregoing in mind, we now turn to the appellant's contentions. The Secretary contends that the trial court erred in granting summary judgment in favor of Fairway because the rezoning of the property violated 23 C.F.R. § 750.708. We disagree.

23 C.F.R. § 750.708(b) and (d) provide in relevant part:

State and local zoning actions must be taken pursuant to the State's zoning enabling statute or constitutional authority and in accordance therewith. Action which is not a part of comprehensive zoning and is created primarily to permit outdoor advertising structures, is not recognized as zoning for outdoor advertising control purposes.

. . . .

A zone in which limited commercial or industrial activities are permitted as incident to other primary land uses is not considered to be a commercial or industrial zone for outdoor advertising control purposes.

The Secretary argues that the rezoning of the parcel of land from a residential classification to a highway commercial zone, in which outdoor advertising is permissible, violates 23 C.F.R. § 750.708(b) because the zoning was not part of a comprehensive plan and constituted "spot zoning," and violates 23 C.F.R. § 750.708(d) because the area is not truly commercial. We find this argument to be without merit.

Federal law allows the erection and maintenance of outdoor advertising within 660 feet of the right-of-way in areas which have been zoned commercial or industrial "under authority of State law." 23 U.S.C.S. § 131(d). Similarly, N.C.G.S. § 136-129(4) utilizes the same language as the federal provision and provides in pertinent part:

No outdoor advertising shall be erected or maintained within 660 feet of the nearest edge of the right-of-way of the interstate or primary highways in this State . . . except the following:

. . . .

(4) Outdoor advertising in conformity with the rules and regulations promulgated by the Department of Transportation, *located*

*in areas which are zoned industrial or commercial under authority of State law.*

. (emphasis supplied).

We find N.C.G.S. § 136-129(4) to be controlling. Therefore, outdoor advertising in conformity with the rules and regulations promulgated by NCDOT is permitted "in areas which are zoned industrial or commercial under authority of State law."

The record on appeal indicates that the Davidson County Board of Commissioners rezoned the relevant area from agricultural to commercial in accordance with state law. Indeed, the Davidson County Board of Commissioners has full statutory authority for zoning actions in Davidson County. *See* N.C. Gen. Stat. § 153A-340 (1991); *Allred v. City of Raleigh*, 277 N.C. 530, 178 S.E.2d 432 (1971). In fact, there is no dispute that the highway commercial zone is commercial or industrial as defined in T19 NCAC § 2E.0201(b).

Furthermore, the Board of Commissioners adopted a comprehensive zoning plan and ordinance. The zoning enabling statutes of North Carolina require that all zoning actions in this state *must* be accomplished in accordance with a comprehensive plan. N.C.G.S. § 153A-341 (emphasis supplied); *see also Nelson v. City of Burlington*, 80 N.C. App. 285, 341 S.E.2d 739 (1986).

Having zoned the property as a highway commercial zone under authority of state law and in accordance with a comprehensive plan, we find that the trial court properly concluded as a matter of law that the Secretary's revocation of the permits exceeded his authority under the statutory mandate of N.C.G.S. § 136-129(4) which expressly allows advertising "in areas which are zoned industrial or commercial under authority of State law."

For the foregoing reasons, the judgment of the trial court is,

Affirmed.

Judges LEWIS and JOHN concur.