BETTY SANDERS WILLIAMSON, Administratrix of LARRY EUGENE SANDERS, Deceased v. REBECCA BRENDA McNEILL, DANIEL LONNIE CHEEK and LONNIE THOMAS CHEEK

No. 38

(Filed 16 December 1970)

1. Automobiles § 86— last clear chance — competency of testimony — dissimilarity of conditions

The conditions existing when plaintiff's witness approached the post-accident scene were so dissimilar to those existing when the accident occurred that the witness' testimony was without probative value in determining whether defendant, under the conditions existing when she approached the place where plaintiff's intestate and two others were lying on the surface of the road, had the last clear chance to avoid injury to plaintiff's intestate.

**2. Automobiles § 89— person struck by automobile while lying on highway — last clear chance**

In this action to recover damages for the death of plaintiff's intestate which occurred when he was struck by defendant's car while lying prone on the highway at night, the evidence, considered in the light most favorable to plaintiff, was insufficient to require submission of the issue of last clear chance to the jury.

APPEAL by plaintiff from the Court of Appeals.

The Court of Appeals, by a two to one decision of the hearing panel, affirmed the judgment of involuntary nonsuit entered at the conclusion of plaintiff's evidence by *Lupton, J.,* at May 13, 1969 Session of RANDOLPH Superior Court. One member of the panel having dissented, plaintiff's appeal is of right under G.S. 7A-30(2).

The action was dismissed in the superior court as to defendants Cheek by judgment of voluntary nonsuit. Plaintiff and defendant McNeill are the only parties to plaintiff's appeal(s).

Plaintiff alleged and offered evidence that her intestate, aged 18, was fatally injured on August 30, 1966, at approximately 1:25 a.m., when, as he lay prone on the west lane of blacktopped Highway #705, plaintiff's intestate was struck and run over by the southbound car of defendant McNeill.

An analysis of the pleadings and a summary of the basic evidential facts are sufficiently set forth in the statement preceding Judge Britt's opinion for the Court of Appeals. 8 N.C. App. 625, 175 S.E. 2d 294.

*H. Wade Yates for plaintiff appellant.*

*Perry C. Henson and Daniel W. Donahue for defendant appellee.*

BOBBITT, Chief Justice

The Court of Appeals conceded, *arguendo,* plaintiff's evidence was sufficient to make out a case of actionable negligence against defendant McNeill. For present purposes, we accept that premise. Plaintiff's evidence established clearly that her intestate was contributorily negligent. This presented for determination the question whether the evidence, when considered in the light most favorable to plaintiff, was sufficient to

require submission of the issue of last clear chance. *Clodfelter v. Carroll,* 261 N.C. 630, 135 S.E. 2d 636.

The factual elements necessary to be established to permit recovery under the last clear chance or discovered peril doctrine have been stated and restated in numerous decisions of this Court, including the decisions cited and discussed by Judge Britt. Repetition would serve no useful purpose. Whether the evidence, when considered in the light most favorable to plaintiff, was sufficient to invoke the doctrine is the crucial question.

Plaintiff relies largely on a single statement in the narrative of the testimony of Mrs. Shamburger, to wit: "When I first observed the bodies in the road, I'd say I was at the bottom of the knoll about 500 feet." Standing alone, the quoted statement might convey the impression that when Mrs. Shamburger saw the bodies she was at the bottom of the knoll *and* that the distance from the bottom of the knoll to the bodies was about 500 feet. Consideration of Mrs. Shamburger's testimony in its entirety and the testimony of plaintiff's other witnesses dispels this impression. A brief summary of the evidence pertinent to this conclusion is set forth below.

Plaintiff's intestate and two companions lay prone upon the blacktopped surface of Highway #705 when the car operated by defendant McNeill ran over plaintiff's intestate and one or both of the others. Approaching the scene, defendant McNeill had been traveling south on Highway #705. Plaintiff's intestate was on the surface of the highway in the (west) lane for south-bound traffic.

The investigating State Highway Patrolman testified that the crest of the knoll was approximately 450 feet north of the place where the bodies were after the men had been run over; that it was downgrade for a distance of 300 feet when proceeding south from the crest of the knoll, there being "about a 20-foot drop-off over about 300 feet, or an average of about one foot over every fifteen feet"; and that the road "levels off" about 300 feet south of the crest of the knoll.

Mrs. Shamburger was traveling south on Highway #705 as she approached the scene. The tragic accident had occurred. Her attention was attracted by the presence of five persons in the highway. They were "standing upright" and "waving their arms." Suspecting a holdup, she speeded her car temporarily.

When she saw the bodies lying on the highway *beyond* the persons who were waving for her to stop, she took her foot off the gas and brought her car to a stop in the area where the bodies were lying. She testified: "(T)hese bodies were just a short distance from where that road levels out." She also testified that, in her "best opinion," the knoll was "a tenth of a mile, something over 500 feet," north of the bodies.

[1] We are in agreement with the views expressed by Judge Britt, namely, that the conditions when Mrs. Shamburger approached the post-accident scene were dissimilar to such extent that Mrs. Shamburger's testimony was without probative value in determining whether defendant McNeill, under the conditions existing when she approached the place where plaintiff's intestate and two others were lying on the surface of the road, had the last clear chance to avoid injury to plaintiff's intestate.

[2] After careful consideration of the testimony of each witness, we conclude that the evidence, when considered in the light most favorable to plaintiff, was insufficient to require submission of the issue of last clear chance to the jury. Hence, the decision of the Court of Appeals is affirmed.

Affirmed.