JEANETTE L. BURKHEAD v. ELLIOTT S. WHITE AND WIFE, SWANNER P. WHITE

No. 7419SC324

(Filed 17 July 1974)

1. Negligence § 53— invitees — duties of proprietor

The owner or proprietor of premises open to invitees is under a duty of ordinary care to keep those areas designed for the use of invitees in a reasonably safe condition so as not to expose invitees unnecessarily to danger.

2. Negligence § 57— fall of invitee on polished floor — sufficiency of evidence of negligence

In an action to recover for personal injuries sustained by plaintiff while she was visiting her daughter who rented a room with defendants, the trial court properly granted defendants' motion for a directed verdict where the evidence tended to show that defendants maintained highly polished hardwood floors, a scatter rug was on the hardwood floor, plaintiff slipped on the rug, fell on the floor and broke her leg, plaintiff had traversed the area many times before, and there was no showing that a dangerous condition existed or that defendants failed to exercise ordinary care to keep their premises in a reasonably safe condition.

APPEAL by plaintiff from *Martin (Robert M.), Judge,* 24 September 1973 Session of Superior Court held in RANDOLPH County. Heard in the Court of Appeals on 14 May 1974.

On 31 May 1967, plaintiff was in Greensboro, North Carolina, visiting her daughter, who was enrolled at UNC-G. The daughter, who rented a room from the defendants on a weekly basis, was given a key to the front door and allowed to park in a parking area at the rear of the house.

Defendants' residence is a two-story house with two entrances. From the front-door entrance, one has direct access to

Burkhead v. White

the stairway leading to the second-floor room occupied by the daughter of the plaintiff. To gain access to the second floor after entering the rear entrance, one must travel through the kitchen, dinette area, dining room and a hallway before arriving at the stairway. The dinette area is raised, necessitating a step-down from the level of the dinette floor to either the kitchen or the dining room. The dining room floor is a polished hardwood surface. A scatter rug was on the dining room floor.

Plaintiff's evidence tends to show the following: On 31 May 1967, plaintiff and her daughter returned to defendants' residence after dinner and entered by way of the rear entrance. As plaintiff stepped down from the raised dinette area into the dining room, she stepped onto the scatter rug, which slid up onto the large area rug, causing plaintiff to fall on the hardwood floor. As a result of the fall, plaintiff sustained a broken leg and was taken to the Moses Cone Hospital in Greensboro, where it was determined that plaintiff would have to undergo surgery. The severity of plaintiff's fracture necessitated the installation of a metal ball in plaintiff's femur so that it would connect with the hip socket.

Plaintiff alleges that as a result of the fall in defendants' residence, she has been rendered physically incapable of sustaining any employment. Plaintiff also alleges that as a result of the fracture in May, 1967, her left leg was weakened to the extent that she suffered a fall on 13 December 1968 and received identical corrective surgery on her right leg. Plaintiff alleges that on 2 January 1970, as a result of her injuries on 31 May 1967, her hip gave way, causing plaintiff to fall and sustain a broken wrist.

At the close of plaintiff's evidence, defendants moved for a directed verdict, pursuant to Rule 50, on the grounds that plaintiff had failed to offer evidence of negligence on the part of defendants which was a proximate cause of plaintiff's injuries and that even if plaintiff had offered any evidence of negligence against defendants, plaintiff's own evidence established contributory negligence on the part of plaintiff. The trial court granted defendants' motion for a directed verdict.

Plaintiff appealed to this Court.

*Ottway Burton for the plaintiff.*

*Henson, Donahue & Elrod, by Daniel W. Donahue and Richard L. Vanore, for the defendants.*

BROCK, Chief Judge.

Plaintiff's sole contention is that the trial court committed error in holding there was no negligence on the part of defendants, and that even if plaintiff had presented evidence of the negligence of defendants, the plaintiff's own evidence showed plaintiff was guilty of contributory negligence, and in entering a directed verdict for defendants.

Plaintiff contends that the facts show that plaintiff held the status of an invitee when she was injured while visiting her daughter, a tenant, in defendants' residence. Although we do not concede that plaintiff's status was that of an invitee, we consider her in that favored status for the purpose of this decision.

[1] The owner or proprietor of premises open to invitees is under a duty of ordinary care to keep those areas designed for the use of invitees in a reasonably safe condition so as not to expose invitees unnecessarily to danger. The owner or proprietor is under a duty to warn invitees of concealed dangers or unsafe conditions of which he has knowledge. 6 Strong, N. C. Index 2d, Negligence, § 53, p. 107.

[2] Taking plaintiff's evidence in the light most favorable to her, it discloses that defendants maintained highly polished hardwood floors; that a scatter rug was on the hardwood floor; and that plaintiff's daughter, after plaintiff's fall, advised plaintiff that she had slipped and fallen on the same rug two weeks prior to plaintiff's accident.

The use of a scatter rug on a floor is not negligence. *Jenkins v. Brothers,* 3 N.C. App. 303, 164 S.E. 2d 504. The evidence of the daughter's fall at a prior time is of no assistance to plaintiff. She had crossed this same rug many times during her tenancy at the residence without falling, and the cause of her one fall is only a matter of conjecture. The evidence shows nothing about the daughter's fall which would charge defendants with knowledge of a concealed danger or unsafe condition.

In the fall of 1966, plaintiff arranged with defendants for the rental of the room to plaintiff's daughter. Plaintiff assisted her daughter in moving into the rented room. In doing so, she walked through this same area many times. She was familiar with the step-down, the polished hardwood floor and the scatter rug. Between the fall of 1966 and May 31, 1967, plaintiff visited

her daughter in defendants' home many times. During these visits, plaintiff walked through this same area many times. Plaintiff's daughter and defendants walked through this same area daily. In all of this traversing of the step-down, the polished floor and the scatter rug, there was no indication of a dangerous condition or a failure by defendants to exercise ordinary care to keep their premises in a reasonably safe condition.

"In order to establish actionable negligence, plaintiff must show that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed to the plaintiff under the circumstances in which they were placed, and that such negligence was the proximate cause of the injury—a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed." *Jackson v. Gin Co.*, 255 N.C. 194, 120 S.E. 2d 540.

Doubtless, plaintiff suffered a serious and painful injury, but she has failed to show actionable negligence on the part of defendants. In view of this disposition, it is unnecessary to consider the question of contributory negligence. The judgment appealed from is

Affirmed.

Judges CAMPBELL and BRITT concur.