ELLA J. HEDGEPETH v. ROSE'S STORES, INC.

No. 786SC305

(Filed 20 February 1979)

**Negligence § 57.4— fall on stairway in store—worn metal strips on stairs—hand rails blocked by plants—failure to show cause of fall**

In an action to recover for injuries suffered by plaintiff when she slipped and fell while descending a stairway leading from a landing to the basement of defendant's store, plaintiff's evidence that each of the steps had a metal strip on it which was worn and slick was insufficient to overcome a motion for directed verdict where there was no evidence of the particular defective condition that caused her fall. Furthermore, evidence that potted plants placed on the right side of the steps next to the handrail blocked plaintiff's access to the

handrail was insufficient evidence of negligence, when considered alone or in conjunction with the allegedly slick condition of the metal strips on the steps, to allow plaintiff's case to go to the jury since (1) another set of steps on the other side of the landing where the handrail was not blocked was available to plaintiff, (2) a store owner is not generally required to provide handrails on stairways absent some building code, safety ordinance or other special circumstances causing steps to be dangerous without one, and (3) plaintiff's contention that she could have averted her fall had the handrail not been blocked was purely conjectural.

Judge CLARK dissenting.

APPEAL by plaintiff from *Graham, Judge.* Judgment entered 29 May 1977 in Superior Court, HALIFAX County. Heard in the Court of Appeals on 16 January 1979.

This is a civil action to recover damages for personal injuries allegedly resulting from defendant's negligence. In her complaint, plaintiff alleged that on 1 November 1975, she, accompanied by her sister, was shopping in the defendant's store in Roanoke Rapids, North Carolina and that she was proceeding down some stairs to the toy department when she slipped and fell. In describing her fall, plaintiff alleged:

> 6. . . . As she proceeded down the last several steps, the defendant had placed a number of large potted plants adjacent to the handrail preventing the plaintiff from grasping the handrail on the last several steps. That as the plaintiff attempted to move down the last several steps, her heel skidded on the slick metal tread of the steps and she was unable to reach the handrail because of the plants or shrubs between her and the handrail, and she fell forward to the basement floor . . . .
>
> 7. That the defendant was negligent in that:
>
> (a) The treads of the steps in the defendant's place of business where the plaintiff fell were worn and slick and had been for some time and the defendant was aware or should have been aware that such worn and slick treads existed and were dangerous to their customers and particularly to this plaintiff.
>
> (b) That although the defendant provided handrails for the safety of its customers descending the stairs, defendant

negligently placed plants or shrubs between the handrails and the travel portion of the stairs which made it difficult, if not impossible, to use the handrails in descending the stairs.

8. That the negligence of the defendant as aforesaid was the proximate cause of the injury and damage to the plaintiff as hereinafter stated.

At trial, plaintiff offered evidence that tended to show the following:

The stairs leading to the toy department consisted of about ten steps that led to a landing and then two more sets of steps on each side of the landing, one leading to the left and one to the right, each containing about five or six steps to the basement floor. The platform and the steps were well lighted. On the set of steps to the right of the landing were some potted plants next to a handrail. There was one plant on each step, and the plants were located on the right side of these steps. There were no plants on the left hand side of these steps, nor were there any plants on the other set of steps leading from the left side of the landing. Plaintiff chose to descend the steps leading from the right side of the landing and walked near the potted plants. With respect to her falling, plaintiff testified, "I could not reach the rail and when I got to maybe the second or third step I slipped . . . and I tried to get the rail and tore the plants down trying to get the rail and I was close enough to get it if it won't [sic] covered up . . . The steps had a metal strip on the edge. The condition of the metal strip was worn." On cross-examination, plaintiff, in response to a question as to whether there was any "kind of substance on the floor," stated, "No . . . It was slick. It was very slick." Plaintiff's sister, on cross-examination, testified she did not see any foreign objects or slippery substances on the floor, "but the metal on the step was slick."

At the close of plaintiff's evidence, the trial court allowed defendant's motion for a directed verdict. Plaintiff appealed.

*Josey & McCoy, by H. P. McCoy, Jr., and C. Kitchin Josey for plaintiff appellant.*

*Young, Moore, Henderson & Alvis, by William M. Trott, for defendant appellee.*

HEDRICK, Judge.

The sole question presented by this appeal is whether plaintiff's evidence, considered in the light most favorable to her, was sufficient to support a finding of negligence on the part of the defendant which proximately caused plaintiff's injuries. We agree with the trial court that it was not.

Numerous cases have noted the general rule that the owner or proprietor of a business, though not an insurer of the safety of his customers, does owe a duty to keep in a reasonably safe condition those portions of the premises which he may expect customers to use during regular business hours and to give warning of hidden perils or unsafe conditions insofar as they are known or can be ascertained by reasonable inspection. *E.g., Wegner v. Delly-Land Delicatessen, Inc.,* 270 N.C. 62, 153 S.E. 2d 804 (1967); *Stafford v. Food World, Inc.,* 31 N.C. App. 213, 228 S.E. 2d 756 (1976).

Plaintiff contends that her evidence is sufficient to show that the defendant failed to keep the stairway in a reasonably safe condition. Plaintiff first argues that the defendant, in the exercise of ordinary care, should have discovered the condition of the "worn" metal strip on the stairway. Plaintiff next argues that the defendant was negligent in failing to keep the stairway clear and unobstructed by placing potted plants on the steps, thereby preventing persons from using the handrail. Plaintiff theorizes that had she "been able to use the handrail to complete her descent to the basement level of the store, she could have prevented herself from falling on the step."

The only evidence introduced by the plaintiff as to the condition of the step on which she fell was that it was "worn" and that it was "very slick." Plaintiff, however, does not know on which step she fell, or even which foot slipped and caused her to fall. There is no evidence in this record that the condition of the step upon which plaintiff slipped was any different from that of the entire flight of steps. Plaintiff's evidence tending to show that the steps had a metal strip on them, and that the metal strip was "worn" and that the steps were "very slick" apparently refers to all the steps. This is not sufficient evidence to support a finding by the jury that the steps had become so worn that their use would be hazardous to the store's patrons. The unsupported allegations by the plaintiff that the set of steps on which she fell

were "worn" or "slick", without evidence of the particular defective condition that caused the fall, is insufficient to overcome a motion for a directed verdict. *See Davis v. Albert Steiger, Inc.*, 360 Mass. 861, 277 N.E. 2d 312 (1971); *Radies v. Reading Liederkranz German Singing and Sport Society*, 197 Pa. Super. 509, 178 A. 2d 789 (1962); *Novek v. Horn & Hardart Baking Co.*, 364 Pa. 349, 72 A. 2d 115 (1950); Annot., 64 A.L.R. 2d 471, 474 (1959).

In *Di Noto v. Gilchrist Co.*, 332 Mass. 391, 125 N.E. 2d 239 (1955), there was evidence that the step on which plaintiff had slipped was constructed containing a large percentage of abrasive non-slip material but that the edge of the step had become worn down at least one inch. The court held that this evidence of the specific defect was sufficient to take the case to the jury. The court noted, however, that "description of the step as wet or slippery *and nothing more* would not be sufficient to show that it was not reasonably safe for the use of defendant's customers." (Emphasis added.) Similarly, in *Chapman v. Clothier*, 274 Pa. 394, 118 A. 356 (1922), the court held that the mere fact that marble steps had become worn and smooth was not sufficient to show negligence on the part of the proprietor.

In North Carolina, it has been held that the mere fact that a floor has been waxed and is slippery, does not make the owner liable for the fall of a patron on a slick spot on the floor, absent a showing of how the spot had been created or how long it had been there. *Hinson v. Cato's, Inc.*, 271 N.C. 738, 157 S.E. 2d 537 (1967). *See also Barnes v. Hotel OHenry Corp.*, 229 N.C. 730, 51 S.E. 2d 180 (1949).

We think that the plaintiff has failed to meet her burden of showing that the cause of her fall was due to the negligently maintained condition of the stairway. Plaintiff's evidence in this regard consists only of conclusory allegations, which are not sufficient to meet the burden imposed on her.

We next consider plaintiff's argument that the store owner's actions in permitting plants to be placed on the steps which blocked access to the handrail, either alone, or in combination with the allegedly "slick" condition of the metal strips on the steps, was sufficient evidence of negligence allowing her case to go to the jury.

Initially, we note that the route which plaintiff chose in descending the stairs was not the only means available to her. She could have used the set of steps to the left of the landing where access to the handrail was not blocked. Secondly, we note that a storeowner is not generally required to provide handrails on stairways, absent some building code, safety ordinance, or other special circumstances causing steps to be dangerous without one. *Garner v. Atlantic Greyhound Corp.*, 250 N.C. 151, 108 S.E. 2d 461 (1959); 62 Am. Jur. 2d, Premises Liability § 229 (1972). Finally, plaintiff's contention that, had the handrail not been blocked, she could have averted her fall, is purely conjectural and impossible of proof. Plaintiff has the burden to show the cause of her fall. The evidence introduced by plaintiff leaves the cause of her fall a matter of conjecture. "There is no presumption or inference of negligence from the mere fact that an invitee fell to his injury while on the premises, and the doctrine of res ipsa loquitur does not apply to a fall or injury of a patron or invitee on the premises, but the plaintiff has the burden of showing negligence and proximate cause." 9 Strong's N.C. Index, Negligence § 53.4, at 482-83 (3d Ed. 1977). Plaintiff has failed to meet this burden.

This judgment directing a verdict for defendant is affirmed.

Affirmed.

Judge VAUGHN concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

The plaintiff's evidence tended to show, first, that the metal strip on the front edge of each step was worn and slick, and, second, pots of flowers were placed on each step beside the handrail which made it difficult, if not impossible, to use the handrail in descending the stairway. These conditions were known, or reasonably should have been known, to the defendant. Plaintiff slipped on a step, tried but was unable to grasp the handrail for support, and fell. In my opinion there was sufficient evidence of negligence and proximate cause to overcome the motion for directed verdict.

The majority cites *Garner v. Atlantic Greyhound Corp.*, 250 N.C. 151, 108 S.E. 2d 461 (1959), in support of the proposition that a storeowner is not generally required to provide handrails on stairways. We note this case involved not a stairway but a 6-inch perpendicular stepdown to the sidewalk at the front of the store. Clearly, *Garner* is distinguishable. And we find that the other cases relied on by the majority are factually distinguishable.

I vote to reverse and remand for a new trial.