SHIRLEY FIELDS v. ROBERT CHAPPELL ASSOCIATES, INC.

No. 7818SC956

(Filed 3 July 1979)

**Negligence § 57.4— fall on motel steps—sufficiency of evidence of negligence**

In an action to recover for injuries sustained by plaintiff when she fell down the steps of defendant's motel, evidence was sufficient to be submitted to the jury where it tended to show that plaintiff's shoe heel unexpectedly became wedged in a crevice near the front edge of one of the steps; plaintiff

was proceeding in a careful and prudent manner and the crevice was almost imperceptible to one proceeding down the steps; the wearing away of the concrete of the step and the resulting gap between the metal strip and the rest of the step did not occur suddenly; and defendant knew of the condition, should have known it was dangerous, and yet allowed it to continue to exist without doing anything to warn its guests of the danger.

APPEAL by defendant from *Albright, Judge*. Judgment entered 14 August 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 26 June 1979.

This action is to recover damages for injuries sustained by plaintiff when, on 21 October 1976, she fell on steps at defendant's motel in Southern Pines. The jury answered issues of negligence, contributory negligence and damages in favor of plaintiff.

*Bateman, Wishart & Norris, by Robert J. Wishart, for plaintiff appellee.*

*Henson & Donahue, by Daniel W. Donahue, for defendant appellant.*

VAUGHN, Judge.

Defendant first argues that it was entitled to judgment as a matter of law, contending that the evidence fails to show negligence by defendant and shows plaintiff's contributory negligence as a matter of law. We disagree.

In summary, the evidence tends to show the following. Plaintiff was a registered guest in defendant's motel. She left her room intending to go to the motel office. It was necessary for her to turn to her right and go down a flight of steps. She looked down the steps and saw nothing unusual, except that she saw that the left side was obstructed by the protruding metal handle of a hook that is used to clean swimming pools. She, consequently, did not hold the handrail but moved more to her right towards the wall. There was no handrail on the right side of the step. She fell forward but did not fall all the way down the flight of steps because her foot was caught. She had to pull her shoe loose from the step to get up. There was a deep gash in her leg. She yelled for assistance, and some of the other motel guests gave her first aid before she was taken to a hospital emergency room. After she had been taken to the hospital, another guest went to the stairs

where plaintiff had fallen. The stairs were concrete with a metal strip along the front edge of the step. This guest testified that the steps were bloody. She found a piece of plaintiff's shoe heel, the heel cap, wedged between the metal strip and the concrete part of the step. There was a gap between the metal strip and the concrete. Part of the concrete was missing. The witness described it as "a crumbling or an erosion as opposed to a crack." There were similar gaps on several of the steps but on the step where plaintiff's shoe heel had been lodged, the gap was somewhat larger. There was also an eroded area on the top of that step about four inches long that extended back about two inches. It was easier to observe this defect from below than when one looked down the steps from the top. The guest took plaintiff's shoe heel to the motel office and explained what had happened.

Defendant called only one witness, the motel manager. She testified that she was not present on the day the accident occurred. She further testified that the stairs were thirteen years old at the time plaintiff fell and that no repairs had been made after the accident. The motel, including the stairs, was regularly inspected every three months. She had participated in these inspections and had not observed any defects in the "steps prior to the time Mrs. Fields fell, nothing that would be noticeable enough to think you would fall, you know, you might see a crack here or there." She admitted, nevertheless, that the cracks were wide enough to receive the heel of a shoe "If you tried . . . ."

It is elementary that the evidence must be considered in the light most favorable to plaintiff. The legal principles that arise on the evidence may also be simply stated. The defendant motel operator was not an insurer of the safety of plaintiff, its invited guest. It was, however, required to exercise due care to keep the premises in a reasonably safe condition so as not to expose plaintiff unnecessarily to danger, and to warn her of any hidden perils. It is liable to plaintiff for any injury proximately caused by a breach of that duty. A directed verdict for defendant on the basis of contributory negligence would have been proper only if the evidence, taken in the light most favorable to plaintiff, established her negligence so clearly that no other reasonable conclusion could have been drawn therefrom. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979).

When the evidence in this case is reviewed in the light of the foregoing principles, it is clear to us that it is sufficient to permit the jury to find that defendant's negligence was a proximate cause of plaintiff's injury. The question of plaintiff's contributory negligence (assuming without deciding that there was some evidence of such) was at the most a question of fact for the jury and not of law for the court. The evidence all but compels the conclusion that plaintiff fell on defendant's stairs because the heel of her shoe unexpectedly became wedged in a crevice near the front edge of one of the stairsteps. Plaintiff was proceeding in a careful and prudent manner, and the crevice was almost imperceptible to one proceeding down the steps. The wearing away of the concrete and resulting gap between the metal strip and the rest of the step did not occur suddenly. Defendant knew of the condition, should have known that it was dangerous, and yet allowed it to continue to exist without doing anything to warn its guests of the danger. Defendant, thereby, unnecessarily and unreasonably exposed plaintiff and its other guests to a danger that resulted in injury to plaintiff.

In support of defendant's second assignment of error, it is argued that the judge erred when he instructed the jury:

> "Members of the jury, the innkeeper as part of this exercise of ordinary care is required to warn invitees of any hidden or concealed dangerous condition which the innkeeper knows about or in the exercise of ordinary care should know about. He is charged with knowledge of any conditions which reasonable inspection and supervision of the premises would reveal. He is charged with knowledge of any dangerous or concealed condition which his own conduct or that of his employees has created."

Our earlier review of the facts makes it clear that the foregoing principles of law were raised by the evidence given in the case. The instruction was proper, and the assignment of error is overruled.

In its final assignment of error, defendant argues that "the court failed to apply the evidence to the law and failed to charge the jury what facts, if found by them, would constitute negligence on the part of the defendant sufficient to warrant an affirmative answer to the first issue." Defendant argues that under the

charge "the jury was free to find the defendant guilty of negligence for any reason which might occur to them." We disagree. Contextual consideration of the charge gives us no reason to believe that the jury was misled or could have failed to understand what it must find in order to answer the issues. There is, therefore, no reason to disturb the verdict. *Gregory v. Lynch*, 271 N.C. 198, 155 S.E. 2d 488 (1967).

No error.

Judges HEDRICK and ARNOLD concur.