Burrow v. Jones

———————

GARY WESLEY BURROW v. RUTH LITTLE JONES AND CARRIE MAY LITTLE

No. 8019SC798

(Filed 21 April 1981)

Automobiles § 78– motorcycle near center of highway – contributory negligence as matter of law

In an action to recover damages for personal and property damage arising out of a collision between plaintiff's motorcycle and defendants' automobile, the trial court properly directed verdict for defendants where the evidence tended to show that plaintiff was contributorily negligent as a matter of law in that (1) he was traveling in the left hand part of his lane, about 12 to 18 inches from the center line; when he first saw defendants' car it was 175 to 200 feet away, and about a foot over the center line into his lane; and plaintiff "held where he was riding in the left groove of the road" and "waited too late to turn to the right"; and (2) at the time of the accident, G.S. 120-146.1 required persons operating motorcycles to do so as near to the right side of the road as practicable, and plaintiff introduced no evidence from which it could reasonably be inferred that he could not have been riding in the right hand part of his lane in compliance with the statute.

APPEAL by the plaintiff from *Lupton, Judge.* Judgment entered 14 February 1980 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 6 March 1981.

Plaintiff filed the complaint in this action on 23 July 1979 seeking damages for personal injuries and property damage arising out of a collision between a motorcycle, owned and operated by plaintiff, and an automobile owned by the defendant, Carrie Mae Little, and operated by her daughter, defendant Ruth Little Jones.

The substance of the complaint is that on 28 March 1975 the plaintiff was operating his motorcycle in the southbound lane of U.S. Highway 220 in full compliance with the laws of North Carolina when defendant, Ruth Little Jones, approaching from the opposite direction, swerved negligently and unlawfully across the center line and into plaintiff's lane of traffic, thereby causing a collision of the two vehicles.

Defendants answered, denying any negligence on their part and alleging that defendant Ruth Little Jones was operating her vehicle in a careful and prudent manner on her side of the highway when plaintiff swerved negligently into her lane, thereby causing the two vehicles to collide. Defendants further pleaded plaintiff's contributory negligence as a defense.

Plaintiff's evidence tended to show that U.S. Highway 220 at the scene of the accident is a two-lane hard surface road of normal width. He testified that on the day of the collision he was proceeding southward toward home, riding in the left-hand part of his lane, one foot to a foot and a half from the center line, when he saw defendants' car 175 to 200 feet away from him and one foot over the yellow line into his lane. He further testified that defendants' car stayed in his lane, but he held to where he was riding in the left groove of his lane keeping his eyes on the car, that he waited too late to turn to the right and the left fender, bumper and headlight of the car hit the left part of his motorcycle and his left leg.

Defendants' evidence tended to show that Ruth Little Jones was driving north on U.S. Highway 220 in her lane when plaintiff swerved into her lane and collided with her car. Photographs taken of the road at the scene of the accident were admitted into evidence. Other witnesses testified they observed skid marks leading up to the defendants' car and that these skid marks were totally in the defendants' lane of travel.

Defendants moved for a directed verdict pursuant to G.S.

1A-1, Rule 50, at the close of plaintiff's evidence, and again at the close of all the evidence, on the ground that plaintiff's evidence failed to show actionable negligence on the defendants' part, and on the further ground that the plaintiff's evidence showed that he was contributorily negligent as a matter of law. Defendants' motion was granted and plaintiff appealed.

*Ottway Burton for the plaintiff appellant.*

*Beck and O'Briant, by Adam W. Beck, for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends the court erred in granting defendants' motion for a directed verdict. In considering a motion for a directed verdict, the trial court must consider the evidence in the light most favorable to the non-movant, deeming all evidence which tends to support his position to be true, resolving all evidentiary conflicts favorably to him and giving him the benefit of all inferences reasonably to be drawn in his favor. *Daughtry v. Turnage,* 295 N.C. 543, 246 S.E. 2d 788 (1978); *Ryder v. Benfield,* 43 N.C. App. 278, 258 S.E. 2d 849 (1979).

The trial court in this case granted a directed verdict on the grounds that: (1) Plaintiff failed to show actionable negligence on the part of defendants and (2) plaintiff had established his own contributory negligence as a matter of law. As to the first ground, we find there was ample evidence from which a jury could find that defendant Ruth Little Jones was negligent in the operation of her vehicle. If, however, the evidence establishes plaintiff's contributory negligence as a matter of law, judgment directing a verdict for defendants would be proper. In this regard defendant argues that plaintiff's negligence is established by his operation of his motorcycle near the center line of the highway, and his failure to turn his vehicle after observing defendants' vehicle, and by his violation of G.S. 20-146.1.

A directed verdict on the ground of contributory negligence may be granted only when the evidence establishes plaintiff's negligence so clearly that no other reasonable inference or conclusion may be legitimately drawn therefrom. *Harrington v. Collins,* 298 N.C. 535, 259 S.E. 2d 275 (1979); *Clark v. Bodycombe,* 289 N.C. 246, 221 S.E. 2d 506 (1976); *Fields v. Robert Chappell Associates, Inc.,* 42 N.C. App. 206, 256 S.E. 2d 259 (1979).

Accepting plaintiff's testimony and other evidence as true, viewing the evidence in the light most favorable to plaintiff, and giving him the benefit of all inferences reasonably to be drawn in his favor, the evidence discloses that plaintiff was travelling in the left-hand part of his lane, about a foot to a foot and a half from the center line; that when he first saw defendants' car it was 175 to 200 feet away, and about a foot over the center line into his lane; and that he "held where he was riding in the left groove of the road" and "waited too late to turn to the right."

The question that must be decided is whether this evidence so clearly establishes negligence on plaintiff's part that no other reasonable inference or conclusion can be drawn therefrom. We think it does. While a reasonable inference is valid on a motion for a directed verdict, speculation is not. *Williamson v. McNeill*, 8 N.C. App. 625, 175 S.E. 2d 294, *aff'd* 277 N.C. 447, 177 S.E. 2d 859 (1970). There is no evidence in the record to support an inference that plaintiff could not have safely turned his motorcycle to the right a foot or two and avoided the collision.

Moreover, this analysis also applies to the defendants' negligence per se argument. At the time of the accident G.S. 120-146.1 provided:

> Any persons operating motorcycles upon the public highways shall operate the same as near to the right side of the roadway as practicable, exercising due care when passing a standing vehicle or one proceeding in the same direction.

Absent a specific legislative exception, violation of the provisions of a safety statute is negligence per se. *Poultry Co. v. Thomas*, 289 N.C. 7, 220 S.E. 2d 536 (1975). Plaintiff testified that motorcycle riders, including himself, rode in either the right-hand or the left-hand indentation made by the tires of cars. He introduced no evidence from which it could reasonably be inferred that he could not have been riding in the right-hand part of his lane in compliance with the statute. Plaintiff's contributory negligence, therefore, is established as a matter of law on this ground also.

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.