CYNTHIA SMITH GIBSON, Plaintiff v. WILLIAM THOMAS "PETE" USSERY, JR.; CAROLYN B. USSERY; CAROLYN'S MILL, INCORPORATED (A North Carolina corporation); and CAROLYN'S MILL CONDOMINIUM ASSOCIATION (A nonprofit North Carolina corporation), Defendants

No. COA08-1002

(Filed 7 April 2009)

**Premises Liability—directed verdict—fall down unfinished stairway—failure to show proximate cause**

The trial court did not err by dismissing on a motion for directed verdict plaintiff's negligence claims arising from injuries sustained after a fall down an unfinished stairway at an unfinished condominium development because: (1) although negligence cases typically do not call for resolution by a directed verdict at the trial level, plaintiff did not introduce evidence on the element of proximate cause; and (2) the evidence taken in the light most favorable to plaintiff did not permit a finding of all ele-

ments of a negligence claim against defendants, provided no more than mere speculation, and provided insufficient evidence to support a reasonable inference that the injury was the result of defendants' negligence.

Appeal by plaintiff from judgment entered 23 April 2008 by Judge Michael E. Beale in Richmond County Superior Court. Heard in the Court of Appeals 28 January 2009.

> *Poisson, Poisson & Bower, PLLC, by E. Stewart Poisson and Fred D. Poisson, Jr., for plaintiff.*

> *West & Smith, LLP, by Stanley W. West, for defendants.*

ELMORE, Judge.

## Facts

Joseph Gibson as Executor of the Estate of Cynthia Gibson (plaintiff) appeals from an order dismissing his claims on a motion for directed verdict. The claim arises from a 27 April 2003 visit by Cynthia Gibson[1] (Cynthia) to an open house at Carolyn's Mill, an historic mill. Carolyn's Mill is owned by William B. Ussery, Carolyn B. Ussery, Carolyn's Mill, Inc., and Carolyn's Mill Condominium Association (together, defendants) and, at the time of Cynthia's visit, was being renovated into a condominium development. It is undisputed that not all of the condos had been completed. Several of the units were finished; other adjacent units were still under construction and incomplete.

At issue in this appeal is plaintiff's claim that Cynthia fell down an unfinished stairway and was injured as a result of defendants' negligence. It is undisputed that the stairway was located on the unfinished side of the building. Plaintiff concedes that this stairway was different and apart from the stairs through which she entered the building, where the finished units were. However, plaintiff has alleged that the stairs were accessible to visitors without any warning signs or blockades to prevent use of the stairs.

Plaintiff's claims relevant to this appeal were that defendants were negligent, primarily in allowing visitors to access the hallway leading to the unfinished units and the unfinished stairs. Defendants counter that plaintiff has not presented enough evidence to sup-

---

1. After she filed this suit, Cynthia Gibson died of unrelated causes.

GIBSON v. USSERY

[196 N.C. App. 140 (2009)]

port the element of proximate cause, and that Cynthia was contributorily negligent.

According to plaintiff's evidence presented at trial, Cynthia and her friends viewed the finished units before walking through an unencumbered hallway and viewing the unfinished units. It is central to plaintiff's negligence claims that none of these witnesses, Cynthia's friends, remembered encountering any locked or closed doors, warning signs, wood barricades, or other barriers that prevented entry to the unfinished areas.

The testimony consistently showed that once Cynthia and her friends viewed the unfinished waterfront unit, they descended an unfinished staircase on that side of the building rather than the stairs through which they had entered. Cynthia was the second-to-last person to descend, followed by her friend, Mrs. Dickinson, who testified at trial. All members of the group testified that they observed that the stairs were in an unfinished condition, but that they appeared safe. These witnesses further testified that they each had no trouble descending the staircase and did not notice any wobbles, defects, or obstructions as they walked.

The only testimony about Cynthia's fall came from Mrs. Dickinson, who observed that Cynthia "fell forward" on the stairs and landed on the floor. Not one witness was able to testify as to the cause or the exact place where she lost her footing. All of the witnesses testified that they had no trouble descending the stairs. One witness, Ms. Waters, testified that after the fall, she inspected the staircase and discovered that one of the boards wobbled slightly. However, neither she nor any of the other witnesses testified that they knew whether Cynthia fell on that step or because of that step.

The trial court denied defendants' first motion for directed verdict at the close of plaintiff's evidence. Defendants renewed their motion for directed verdict after presenting their case. The trial court granted the motion for directed verdict because plaintiff did not present evidence sufficient to permit a finding of all of the elements of negligence. Specifically, the trial court concluded, and we agree, that plaintiff did not introduce evidence on the element of proximate cause to support its claims. The Honorable Michael Beale signed an order granting defendants' renewed motion for directed verdict at the close of all of the evidence, thereby dismissed plaintiff's claims with prejudice. It is from this order that plaintiff appeals, and we affirm the decision of the trial court.

## Directed Verdict

The purpose of a motion for a directed verdict is to test whether evidence is legally sufficient "to take the case to the jury and support a verdict for the plaintiff." *Barber v. Presbyterian Hosp.*, 147 N.C. App. 86, 88, 555 S.E.2d 303, 305 (2001) (quoting *Manganello v. Permastone, Inc.*, 291 N.C. 666, 670, 231 S.E.2d 678, 680 (1977)). To determine whether a directed verdict is warranted, "the trial court must consider the evidence in the light most favorable to the non-moving party, giving it the benefit of all reasonable inferences to be drawn therefrom, and resolving all conflicts in the evidence in its favor." *Carter v. Food Lion, Inc.*, 127 N.C. App. 271, 273, 488 S.E.2d 617, 619 (1997) (citation omitted). Accordingly, we evaluate whether the trial court properly allowed the motion for directed verdict based on insufficient evidence to support all elements of a negligence claim.

Plaintiff correctly notes in his brief that negligence cases typically do not call for resolution by a directed verdict at the trial level. *Taylor v. Walker*, 320 N.C. 729, 734, 360 S.E.2d 796, 799 (1987). As a general matter, the elements of negligence, including whether a defendant exercised the appropriate standard of care, are matters for the jury. *Id.* at 734, 735, 360 S.E.2d at 799. It is only appropriate for the trial judge to remove a matter from the purview of the jury if there is no evidence in the record that would permit a finding to support the claim. *Id.* at 734, 360 S.E.2d at 799. "Ordinarily, such a judgment is not proper unless it appears as a matter of law that a recovery simply cannot be had by plaintiff upon any view of the facts which the evidence reasonably tends to establish." *Id.* (citation omitted).

## Proximate Cause

To establish a *prima facie* case of actionable negligence, a plaintiff must allege facts showing: (1) the defendant owed the plaintiff a duty of reasonable care, (2) the defendant breached that duty, (3) the defendant's breach was an actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages as the result of the defendant's breach. *Winters v. Lee*, 115 N.C. App. 692, 694, 446 S.E.2d 123, 124 (1994) (citations omitted). To sustain the action, "[t]he plaintiff must do more than show the possible liability of the defendant for the injury. He must go further and offer at least some evidence which reasonably tends to prove every fact essential to his success." *Byrd v. Express Co.*, 139 N.C. 230, 232, 51 S.E. 851, 852 (1905).

We agree with defendants that "[t]he crux of this appeal is . . . whether the evidence raises the necessary inference of proximate

cause to have been submitted to the jury." In order to survive the motion for directed verdict, plaintiff must present sufficient evidence that defendants' alleged negligence was the proximate cause of Cynthia's fall and her injuries. To make a showing on this element, plaintiff must present evidence tending to establish that defendants' negligence was the "cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed." *Burkhead v. White*, 22 N.C. App. 432, 435, 206 S.E.2d 502, 504 (1974) (quotations and citation omitted). Without more, conjecture is not enough to raise the necessary inference. *Id.* at 434, 205 S.E.2d at 504.

At trial, plaintiff presented evidence in the form of witness testimony that Cynthia fell forward on the staircase, and that she did not appear to trip on anything. Testimony also showed that she was one of several to descend the staircase, but the only one to fall; none of the witnesses noticed any problems with the condition of the staircase as they descended. One witness testified that she went back to inspect the stairs and found the third step from the bottom to "wobble to and fro" under her foot. However, there was no testimony about which stair Cynthia fell on and no testimony that anyone observed what caused her to fall.

We agree with the trial court's conclusion that this evidence, taken in the light most favorable to plaintiff, does not permit a finding of all elements of a negligence claim against defendants. In evaluating the record, we look for evidence that takes the element of proximate cause out of the realm of suspicion. All of the testimony, taken in the light most favorable to plaintiff, provides no more than mere speculation that defendants' alleged negligence was the proximate cause of Cynthia's fall and the injuries that may have resulted from it. Doubtless Cynthia was injured in some manner as a result of her fall, but there is insufficient evidence to support a reasonable inference that the injury was the result of defendants' negligence.

**Analogous Cases**

In analogous cases, our courts have upheld directed verdicts for defendants on this issue when the plaintiffs made insufficient showings to support a negligence claim. *Carter v. Carolina Realty Company*, cited by both parties, discusses relevant points of law on the element of proximate cause that arose from closely analogous facts. 223 N.C. 188, 25 S.E.2d 553 (1943). In *Carter*, the plaintiff

brought an action after she fell down a dimly lit stairwell maintained by her landlord. Our Supreme Court stated:

> There must always, in actions of this kind, be a causal connection between the alleged act of negligence and the injury which is supposed to have resulted therefrom. The breach of duty must be the cause of the damage. The fact that the defendant has been guilty of negligence, followed by an injury, does not make him liable for that injury, which is sought to be referred to the negligence, unless the connection of cause and effect is established, and the negligent act of the defendant must not only be the cause, but the proximate cause of the injury.

*Id.* at 192, 25 S.E.2d at 555 (citations omitted).

In *Carter*, the Supreme Court considered the trial court's decision on a motion by the defendants, as we are here, and concluded that the plaintiff's testimony was insufficient to show "the causal relation between alleged negligence and the injury," despite the poor lighting conditions which the plaintiff alleged constituted negligence. *Id.* The plaintiff's evidence was insufficient to support all the elements of a negligence claim, specifically on the element of proximate cause. We find the same principle to be applicable in the case before us today, where plaintiff has alleged negligence, but has not presented evidence showing that the alleged negligence was the proximate cause of Cynthia's injury.

In *Hedgepeth v. Rose's Stores*, this Court affirmed a directed verdict for the defendant when the plaintiff alleged that the worn or slick condition of a stairway was enough evidence of negligence to submit to the jury. 40 N.C. App. 11, 251 S.E.2d 894 (1979). We disagreed, holding that the plaintiff did not submit evidence of a particular defect that caused the injury. *Id.* at 14-15, 251 S.E.2d at 896–97. In that case, the plaintiff did not submit evidence as to which step or what exactly caused her to fall. We further concluded that there is "no presumption or inference of negligence from the mere fact that an invitee fell to his injury while on the premises[.]" *Id.* at 16, 251 S.E.2d at 897 (quotations and citation omitted). Rather, "the plaintiff has the burden of showing negligence and proximate cause." *Id.* (quotations and citation omitted). As in *Hedgepeth*, plaintiff's evidence here presents some facts suggesting negligence or a defect of some kind, but does not support a finding of proximate cause.

This Court also upheld a directed verdict for the defendant when plaintiff was one of several to descend a newly constructed staircase

in a rental property. *Sawyer v. Shackleford*, 8 N.C. App. 631, 637, 175 S.E.2d 305, 310 (1970). The trial court concluded that the plaintiff did not submit sufficient evidence to support findings of proximate cause where the condition of the stairs was "patent and obvious." *Id.* We agreed that a directed verdict for the defendant was proper because the plaintiff observed and admitted the design and nature of the stairs and presented no other evidence that the defendant's alleged negligence was the proximate cause of her fall. *Id.* By contrast, in *Fields v. Robert Chappell Associates*, we found that a directed verdict was not appropriate when the plaintiff submitted that her shoe became lodged in an existing crack in the staircase as she descended, resulting in her fall down the stairs and her injuries; this was sufficient evidence of negligence and proximate cause. 42 N.C. App. 206, 209, 256 S.E.2d 259, 260 (1979). Unlike the record in *Fields*, the record before us shows no indication of the specific cause of Cynthia's fall, only speculation.

## Conclusion

After reviewing the record in its entirety, we conclude that plaintiff's evidence is insufficient to show actionable negligence by defendants. Specifically, plaintiff has not made a sufficient showing on the element of proximate cause. Taking the facts in the light most favorable to plaintiff, there is no evidence beyond mere conjecture and speculation that defendants' alleged negligence was the proximate cause of Cynthia's fall and her injuries. Without more, plaintiff has failed to make a *prima facie* case on all the elements of negligence and a directed verdict is appropriate. For these reasons, the decision of the trial court is affirmed.

Affirmed.

Judges CALABRIA and STROUD concur.