An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-62

Filed 18 March 2026

North Carolina Industrial Commission, No. TA-027615

KAREEM KIRK, Plaintiff,

v.

NORTH CAROLINA DEPARTMENT OF ADULT CORRECTION F/K/A NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Defendant.

Appeal by plaintiff from order entered 30 April 2024 by Commissioner Adrian A. Phillips in N.C. Industrial Commission. Heard in the Court of Appeals 23 September 2025.

*Kareem Abdullah Kirk, pro se, plaintiff-appellant.*

*Attorney General Jeff Jackson, by Assistant Attorney General Hailey M. Cleek, for the State-appellee.*

GORE, Judge.

Plaintiff Kareem Kirk appeals the North Carolina Industrial Commission's ("Commission") order denying his negligence claim. Upon reviewing the record and the briefs, we affirm.

**I.**

In June 2017, plaintiff was an inmate at Albemarle Correctional Institution ("Albemarle C.I."). Plaintiff prepared a sworn complaint and addressed it to the Clerk of the North Carolina Supreme Court to assert two police officers, the district attorney, and the magistrate, who were involved in plaintiff's criminal conviction, committed criminal contempt, fraud, false imprisonment, and malicious prosecution. The complaint was placed in the mailbox at the Albemarle C.I. on 7 June 2017, but the Clerk of the Supreme Court did not receive it, and according to plaintiff, this resulted in "suffering emotional distress from hopelessness and uncertainty of receiving guaranteed relief from [his] criminal conviction."

Plaintiff initiated a civil action against defendant via a *Claim for Damages Under Tort Claims Act* with the Commission. Plaintiff alleged defendant's employee, S. Fisher, was negligent and caused plaintiff damages in excess of $25,000.00 by failing to properly mail his complaint. After the evidentiary hearings occurred, on 21 October 2022, Deputy Commissioner Santa Rosa filed a Decision and Order denying plaintiff's negligence claim. Plaintiff appealed to the Full Commission, and on 30 April 2024, the Full Commission entered a Decision and Order denying plaintiff's negligence claim. Plaintiff appealed the Full Commission's Order.

**II.**

Plaintiff appeals of right pursuant to N.C.G.S. § 143-293. Plaintiff argues the Commission erred by determining that plaintiff failed to prove defendant breached any duty owed to plaintiff. Plaintiff also argues the Commission abused its discretion

by finding plaintiff failed to prove any actions taken by defendants impacted his attempt to reverse his conviction. We disagree.

As an appellate Court, our review "is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Commission's findings of fact justify its conclusions of law and decision." *Smith v. N.C. Dep't of Transp.*, 156 N.C. App. 92, 97 (2003) (citation omitted). The Commission's findings of fact are conclusive on appeal "if there is any competent evidence in the record to support it." *Barney v. N.C. State Highway Comm'n*, 282 N.C. 278, 284 (1972). Conclusions of law are reviewed de novo. *Starco, Inc. v. AMG Bonding & Ins. Servs., Inc.*, 124 N.C. App. 332, 336 (1996).

Plaintiff argues the Commission erred by determining he did not prove defendant breached its duty to him. He argues there are no findings to demonstrate he failed to meet his burden of proving a breach of duty. We disagree.

Plaintiff was required to bring a prima facie case of negligence against defendant. To prove actionable negligence, plaintiff must bring facts that show "(1) the defendant owed the plaintiff a duty of reasonable care, (2) the defendant breached that duty, (3) the defendant's breach was an actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages as the result of the defendant's breach." *Gibson v. Ussery*, 196 N.C. App. 140, 143 (2009).

The Commission included the following unchallenged findings:

> 7. Plaintiff called Karen Ridenhour to testify as a witness

in this matter. Ms. Ridenhour worked for Defendant in the mailroom at Albemarle C.I. in June 2017. She explained that Albemarle C.I. has a mailbox in the dining hall where inmates place their mail to be processed and taken to the post office for delivery. Every morning, an employee in the mailroom collects the mail from the mailbox in the dining hall and takes it to the mailroom. Once there, employees log any legal mail in a logbook—recording the date, the name of the employee processing the mail, the name of the inmate, and the address of the recipient. An employee then places all the mail into large tubs and takes the tubs to the post office in Badin, North Carolina.

8. Ms. Ridenhour testified about her responsibilities in processing outgoing mail: "We just stamp[ ] that [the parcel] was mailed from [Albemarle C.I.] on the back of it and we separate[ ] out the legal mail and log[ ] it in the outgoing legal mail book. Then we [take] it to the post office." According to the logbook admitted into evidence as Plaintiff's Exhibit #2, Ms. Ridenhour processed Plaintiff's parcel containing his complaint to the Clerk of the Supreme Court on June 7, 2017. Ms. Ridenhour testified that after logging all the legal mail, she placed all the mail in tubs and took them to the post office. Ms. Ridenhour testified that she handed the tubs of mail to a post office employee and did not just drop them off.

9. The Clerk of the Supreme Court never received Plaintiff's complaint.

10. Plaintiff indicated that he has not attempted to re-file his complaint because it would cost too much money to copy all the attachments again. Plaintiff is also concerned that if he attempted to mail the complaint again, Defendant's employees would again fail to deliver it to the post office.

11. Plaintiff alleges that Defendant's employees, including "S. Fisher" and Ms. Ridenhour, were negligent in

handling his legal mail. Plaintiff also alleges that Defendant had no process in place to provide confirmation that mail taken from Albemarle C.I. is, in fact, successfully received by the post office. As a result of this negligence, Plaintiff alleges that the Clerk of the Supreme Court did not receive his complaint and thus could not take the action requested by Plaintiff to perform an investigation and overturn his conviction[.]

12. Based upon the preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff has failed to prove that Defendant violated any standard operating procedure or policy in handling his May 2017 complaint.

13. Based upon the preponderance of evidence in view of the entire record, the Full Commission finds that Plaintiff has failed to show that "S. Fisher," Ms. Ridenhour, or any other employees of Defendant were negligent in performing their duties and has failed to prove that any action or inaction by them proximately resulted in damages.

The Commission's findings support its conclusion that plaintiff failed to prove by a preponderance of the evidence that defendant breached its duty to him. Plaintiff had the burden to bring evidence showing defendant acted in a way that breached its duty to plaintiff, and his failure to do so is why the Commission concluded on the facts that defendant was not negligent. Accordingly, the trial court did not err by denying plaintiff's negligence claim.

Next, plaintiff argues the Commission acted outside of its judicial authority by finding, "Plaintiff has also failed to prove that, but for the alleged negligence, the Clerk of the Supreme Court would have granted the requests made in his complaint

and relieved him of his criminal conviction." The Commission also concluded, "Plaintiff has failed to prove that the North Carolina Supreme Court would have reversed his conviction if it had received his complaint." We disagree with plaintiff's allegation.

The Commission has limited authority. In fact, the Commission explicitly recognized this limit when it stated, "The Industrial Commission is constituted a court with limited jurisdiction under the Tort Claims Act to hear claims of negligence against . . . agencies of the State. [N.C.G.S.] § 143-291(a) (2021)." As previously stated, there are four elements a plaintiff must prove to establish a prima facie case of actionable negligence. One of the elements is causation. Not only must plaintiff bring evidence showing a breach of the duty, but he must also show that the breach was the "actual and proximate cause" for the alleged injuries. *Gibson*, 196 N.C. App. at 143. This requires plaintiff submit evidence that tends to show defendant's "negligence was the cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed." *Id.* at 144.

Additionally, he must bring evidence of damages. *Id.* at 143. "Damages may be recovered if a plaintiff proves the extent of the harm and the amount of money representing adequate compensation with as much certainty as the nature of the tort and the circumstances permit." *Fortune v. First Union Nat'l Bank*, 323 N.C. 146, 150

(1988).

In the present case, plaintiff argues the Commission acted extrajudicially by finding and concluding plaintiff did not prove by a preponderance of the evidence that his complaint to the North Carolina Supreme Court would have impacted his criminal conviction. However, the Commission's findings and conclusion are based upon the evidence and arguments brought by plaintiff. Plaintiff was responsible to bring evidence demonstrating that but for a breach in defendant's "duty to exercise reasonable care in the handling, storage, and return of an inmate's property that defendant takes into its exclusive possession," the mail would have been received by the Supreme Court. He was also responsible to bring evidence that he would not have suffered his alleged damages of "suffering emotional distress from hopelessness and uncertainty of receiving guaranteed relief from [his] criminal conviction."

The Commission concluded that plaintiff did not bring sufficient evidence to prove breach, causation, or damages. Because plaintiff alleged his damages were the uncertainty of "receiving guaranteed relief from his criminal conviction," the Commission considered the evidence in light of the alleged damages and determined plaintiff did not "prove by a preponderance of the evidence . . . that the North Carolina Supreme Court would have reversed his conviction if it had received his complaint." Accordingly, the Commission acted within its limited judicial authority and properly denied plaintiff's negligence claim.

## III.

For the foregoing reasons, the Commission properly denied plaintiff's claim for negligence.


AFFIRMED.

Judges FLOOD and FREEMAN concur.

Report per Rule 30(e).